**UNITED STATES of America, Appellee,**

v.

**William Alton HOLMES, Defendant, Appellant.**

**No. 80–1198.**

United States Court of Appeals, First Circuit.

Argued Sept. 9, 1980.

Decided Oct. 21, 1980.

Warren M. Silver, Bangor, Maine by appointment of the Court, for defendant, appellant.

James W. Brannigan, Jr., Asst. U. S. Atty., Portland, Maine, with whom Thomas E. Delahanty, II, U. S. Atty., Portland, Maine, was on brief, for appellee.

Before COFFIN, Chief Judge, BOWNES, Circuit Judge, and WYZANSKI, Senior District Judge.*

* Of the District of Massachusetts, sitting by designation.

PER CURIAM.

The defendant appeals from a judgment of conviction of voluntary manslaughter in violation of 18 U.S.C. §§ 1112 and 1152. We affirm the conviction.

The defendant's first point is that his statements to police officers after his arrest were involuntary because he was under the influence of alcohol and drugs, and that the district court erroneously denied the defendant's motion to suppress the statements.

The district judge heard over 100 pages of testimony as to the circumstances surrounding the allegedly involuntary statements, and then he made 9 pages of findings. He found that while the defendant had taken alcohol and drugs before his statements, his testimony as to the amount consumed and as to his claimed intoxication was incredible and that the selective nature of the defendant's recollection and the inconsistencies of his testimony made it wholly unreliable. The judge expressed his belief in the police officers' testimony that, although the defendant's breath revealed that he had been drinking, the defendant's gait was normal and he did not stagger, that they observed nothing in the defendant's demeanor to suggest that he did not understand what was going on or what he was doing, and that he was not intoxicated by alcohol or drugs. The judge, after reciting that the government had the burden of establishing by a preponderance of the evidence that at the time the defendant made the statements his state "was not such as to deprive him of the meaningful capacity to make a free and rational choice," found "that the government has sustained its burden . . . that the statements were the product of the free and intentional and knowing choice of the defendant."

The district court applied the correct standard to determine the voluntariness of an alleged confession: that is, it must be "the product of a rational intellect and a free will." *Townsend v. Sain*, 372 U.S. 293, 307, 83 S.Ct. 745, 754, 9 L.Ed.2d

770 (1963). The court correctly ruled that when a defendant claims that his will was overborne by alcohol or drugs, the government has the burden of proving by a preponderance of evidence that his statement was voluntary. *Lego v. Twomey*, 404 U.S. 477, 482–487, 92 S.Ct. 619, 623–25, 30 L.Ed.2d 618 (1972). Applying correct rules of law, and proceeding in accordance with 18 U.S.C. § 3501, the judge, on the basis of the preponderance of the evidence, found that the defendant's statements were voluntary. Since that finding, including its credibility determinations, was not clearly erroneous it must be sustained. *United States v. Maxwell*, 484 F.2d 1350 (5th Cir. 1973); *United States v. Parker*, 549 F.2d 1217, 1220–1221 (9th Cir.), *cert. den.* 430 U.S. 971, 97 S.Ct. 1659, 52 L.Ed.2d 365 (1977).

■ The defendant's second point is that the district judge erred when he denied the defendant's motion to dismiss the superseding indictment because it does not charge that the defendant "wilfully" committed manslaughter.

The word "wilfully" does not appear in 18 U.S.C. § 1112, the manslaughter statute; nor is specific intent a part of the statutory offense. *Kane v. United States*, 399 F.2d 730, 736 (9th Cir. 1968), *cert. den.* 393 U.S. 1057, 89 S.Ct. 698, 21 L.Ed.2d 699 (1969). An indictment is generally sufficient if it sets forth the offense in the words of the statute including all the elements. *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2883, 2907, 41 L.Ed.2d 590 (1974); *United States v. Davis*, 592 F.2d 1325, 1328 (5th Cir.), *cert. den.* 442 U.S. 946, 99 S.Ct. 2894, 61 L.Ed.2d 318 (1979). "If the offense be a statutory one, and intent or knowledge is not made an element of it, the indictment need not charge such knowledge or intent." *United States v. Behrman*, 258 U.S. 280, 288, 42 S.Ct. 303, 304, 66 L.Ed. 619 (1922). Hence the objection to this indictment is unsound.

■ The defendant's third point is that the district court erred when, over objection, it admitted in evidence exhibit No. 2, a photograph of the victim.

The objection was on the grounds that the victim's body had been moved and that "the photograph was overly alarming" because the colored photograph so emphasized the bloody condition of the victim. That objection was unsound. The admission of photographic evidence is within the sound discretion of the trial court. *United States v. Cartano*, 420 F.2d 362, 364 (1st Cir.), *cert. den.*, 397 U.S. 1054, 90 S.Ct. 1398, 25 L.Ed.2d 671 (1970). Here there was no abuse of discretion because the photograph was used by the medical examiner to give an opinion as to the sequence of the wounds.

■ The defendant's fourth point is that the district court erred when, over objection, it admitted in evidence exhibit No. 11, a photograph of the defendant.

The objection was on the ground that the photograph was taken at the time of the defendant's arrest and shows him in an unkempt condition. The photograph was relevant because the defendant's appearance changed drastically between the time of his arrest and the time of trial, and thus the photograph helped witnesses identify the alleged perpetrator of the crime. The exhibit came within the rule permitting admission of photographs within the trial judge's sound discretion. *United States v. Cartano, supra.*

■ The defendant's fifth point is that the trial judge erred when he refused to include in his instructions to the jury the terms "sudden quarrel" and "heat of passion," or to define those terms.

U.S.C. § 1112(a) provides:

"(a) Manslaughter is the unlawful killing of a human being without malice. It is of two kinds:

Voluntary–Upon a suden quarrel or heat of passion.

Involuntary–In the commission of an unlawful act not amounting to a felony, or in the commission in an unlawful manner, or without due caution and circumspection, of a lawful act which might produce death."

The defendant was indicted for voluntary manslaughter. To prove guilt the government was required to establish only that (1) the defendant inflicted an injury upon another from which he died; and (2) the homicide was committed without justification or excuse. *United States v. Alexander*, 471 F.2d 923, 944–945, n.54, 947 (D.C.Cir.), *cert. den. sub nom. Murdock v. United States*, 409 U.S. 1044, 93 S.Ct. 541, 34 L.Ed.2d 494 (1972). Therefore, there was no need for the judge in the instant case to instruct the jury with respect to the terms "sudden quarrel" and "heat of passion."

■ We need not repeat what was so well analyzed and expressed by Chief Judge Bazelon in *United States v. Alexander, supra*: that those terms have application only in a case where the defendant has been indicted for murder in the first or second degree (which was not true of this defendant). In a case where the defendant has been indicted for murder, if the jury determines that he is not guilty of murder, it may be required to consider whether he is guilty of the lesser included offense, manslaughter. Then the judge must instruct the jury that it is not a *defense* to a charge of manslaughter that the homicide was committed during a sudden quarrel or in a heat of passion.

Inasmuch as in the case at bar the defendant was not indicted for murder, it was proper for the trial judge not to include in his charge a reference to or definition of the terms "sudden quarrel" and "heat of passion."

*Affirmed.*