**UNITED STATES of America,**
**Plaintiff, Appellee,**

v.

**Emilio COTTO–APONTE,**
**Defendant, Appellant.**

No. 93–1287.

United States Court of Appeals,
First Circuit.

Heard May 6, 1994.

Decided July 20, 1994.

---

**2.** Appellant's "ineffective assistance" claim is mooted by our resolution of the Rule 11 claim.

Carlos A. Vazquez–Alvarez, Asst. Federal Public Defender, with whom Benicio Sanchez Rivera, Federal Public Defender, San Juan, PR, was on brief, for appellant.

José A. Quiles–Espinosa, Sr. Litigation Counsel, Hato Rey, PR, with whom Guillermo Gil, U.S. Atty., Washington, DC, and Jorge E. Vega–Pacheco, Asst. U.S. Atty., Hato Rey, PR, were on brief, for appellee.

CYR, BOUDIN and STAHL, Circuit Judges.

CYR, Circuit Judge.

Following a two-day jury trial, appellant Emilio Cotto Aponte ("Cotto") was convicted of possessing cocaine with intent to distribute. *See* 21 U.S.C. § 841(a)(1), 18 U.S.C. § 2 (1993). On appeal, he challenges two evidentiary rulings and the sufficiency of the evidence. Finding no reversible error, we affirm.

The challenge to the sufficiency of the evidence requires that we assess all evidence, draw all reasonable inferences, and resolve all credibility determinations in the light most favorable to the verdict. *United States v. Hernandez*, 995 F.2d 307, 310 (1st Cir.), *cert. denied*, — U.S. ——, 114 S.Ct. 407, 126 L.Ed.2d 354 (1993). On June 11, 1992, Cotto enlisted Tracy Barnwell and Israel Rodriguez to accompany him to Puerto Rico to obtain cocaine which Cotto planned to distribute upon his return to New York City. While in Puerto Rico, Cotto delivered to Barnwell a suitcase containing two kilograms of cocaine, and told him how to conceal the cocaine for the return trip. Cotto purchased three one-way airline tickets for the return flight to New York, as he had done for the flight to Puerto Rico. After a drug-detection dog alerted to Barnwell's suitcase at the airport in Puerto Rico, Cotto consented to a search of his own travel bag which was found to contain $1,400 in cash, three airline ticket receipts for the flight from New York to Puerto Rico, and an electronic scale. As a mere recitation demonstrates, there was am-

**6**

ple evidence to establish guilt beyond a reasonable doubt.

Cotto also challenges two evidentiary rulings normally subject to review for abuse of discretion. *United States v. Rodriguez Alvarado*, 985 F.2d 15, 18 (1st Cir.1993). First, at trial a United States Customs agent identified Cotto in the courtroom but testified that Cotto's appearance had changed since his arrest. Cotto objected solely on the ground that the testimony was not relevant. Second, the government introduced a photospread from which another witness had made a pretrial identification of Barnwell, Rodriguez and Cotto. Cotto objected on the ground that his unkempt appearance, as depicted in the photospread (*e.g.*, unshaven; dressed in a T-shirt; pony-tail), would cause unfair prejudice. *See* Fed.R.Evid. 403. The district court ruled that the photospread was not unfairly prejudicial.

■ With respect to the customs agent's in-court identification testimony, appellant's burden is daunting. "[T]he threshold for relevance is very low under Federal Rule of Evidence 401. Evidence is relevant under Rule 401 if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *United States v. Nason*, 9 F.3d 155, 162 (1st Cir.1993) (citing Fed. R.Evid. 401), *cert. denied,* —— U.S. ——, 114 S.Ct. 1331, 127 L.Ed.2d 678 (1994). The in-court identification testimony provided highly probative corroboration of other trial testimony that a government witness had seen Cotto, Barnwell, and Rodriguez *together* at the airport in Puerto Rico, and that it was Cotto's atypical appearance which had attracted the witness's attention to the trio. Since Cotto's physical appearance was no longer the same at trial, the in-court identification testimony was probative of the material fact that the person on trial was the one previously seen in the presence of Rodriguez and Barnwell at the airport. *Cf. United States v. Holmes*, 632 F.2d 167, 169 (1st Cir.1980) (holding that photograph of defendant taken at time of arrest is admissible to demonstrate changed appearance at time of trial).[1]

■ The Rule 403 challenge can succeed only if the probative value of the photospread was substantially outweighed by the danger, *inter alia,* of "unfair prejudice." *See* Fed. R.Evid. 403; *United States v. Carty*, 993 F.2d 1005, 1011 (1st Cir.1993).[2] The photospread provided probative circumstantial evidence that Cotto had been seen at the hotel in Puerto Rico where Rodriguez and Barnwell stayed before the three were arrested at the airport. Though its admission hampered Cotto's defense by tying all three codefendants together, there was no *unfair* prejudice. *See Onujiogu v. United States*, 817 F.2d 3, 6 (1st Cir.1987) ("The fact that a piece of evidence hurts a party's chances does not mean it should automatically be excluded, [or] there would be precious little left in the way of probative evidence in any case.").

As there was no reversible error, the judgment of conviction and sentence must be affirmed.

*Affirmed.*

---

**1.** The record reflects that the only objection made to this testimony at trial was based exclusively on Fed.R.Evid. 401. On appeal, however, Cotto attempts to assert a claim of error under Fed.R.Evid. 403. As the latter claim of error was not preserved below, *see* Fed.R.Evid. 103(a), we review for "plain error" only, *see id.* 103(d). *United States v. Castiello*, 915 F.2d 1, 3–4 (1st Cir.1990) (failure to assert proper objection at trial calls for "plain error" review), *cert. denied*, 498 U.S. 1068, 111 S.Ct. 787, 112 L.Ed.2d 849 (1991). Careful review reveals that no unfair prejudice resulted from the admission of the in-court identification testimony. *See Holmes*, 632 F.2d at 169. Thus, there was no error, plain or otherwise.

**2.** Although at trial Cotto challenged this evidence on additional grounds, in his appellate brief he has preserved only the Rule 403 objection. *See United States v. Fahm*, 13 F.3d 447, 450 (1st Cir.1994) (issues adverted to in a perfunctory fashion on appeal are deemed waived).