USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1287 UNITED STATES OF AMERICA, Plaintiff, Appellee, v. EMILIO COTTO-APONTE, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jose Antonio Fuste, U.S. District Judge] ___________________ ____________________ Cyr, Boudin and Stahl, Circuit Judges. ______________ ____________________ Carlos A. Vazquez-Alvarez, Assistant Federal Public Defender, __________________________ with whom Benicio Sanchez Rivera, Federal Public Defender, was on _______________________ brief for appellant. Jose A. Quiles Espinosa, Senior Litigation Counsel, with whom _________________________ Guillermo Gil, United States Attorney, and Jorge E. Vega-Pacheco, ______________ ______________________ Assistant United States Attorney, were on brief for appellee. ____________________ July 20, 1994 ____________________ CYR, Circuit Judge. Following a two-day jury trial, CYR, Circuit Judge ______________ appellant Emilio Cotto Aponte ("Cotto") was convicted of possess- ing cocaine with intent to distribute. See 21 U.S.C. 841(a)- ___ (1), 18 U.S.C. 2 (1993). On appeal, he challenges two eviden- tiary rulings and the sufficiency of the evidence. Finding no reversible error, we affirm. The challenge to the sufficiency of the evidence requires that we assess all evidence, draw all reasonable infer- ences, and resolve all credibility determinations in the light most favorable to the verdict. United States v. Hernandez, 995 _____________ _________ F.2d 307, 310 (1st Cir.), cert. denied, U.S. , 114 S. Ct. _____ ______ ___ ____ 407 (1993). On June 11, 1992, Cotto enlisted Tracy Barnwell and Israel Rodriguez to accompany him to Puerto Rico to obtain cocaine which Cotto planned to distribute upon his return to New York City. While in Puerto Rico, Cotto delivered to Barnwell a suitcase containing two kilograms of cocaine, and told him how to conceal the cocaine for the return trip. Cotto purchased three one-way airline tickets for the return flight to New York, as he had done for the flight to Puerto Rico. After a drug-detection dog alerted to Barnwell's suitcase at the airport in Puerto Rico, Cotto consented to a search of his own travel bag which was found to contain $1,400 in cash, three airline ticket receipts for the flight from New York to Puerto Rico, and an electronic scale. As 2 a mere recitation demonstrates, there was ample evidence to establish guilt beyond a reasonable doubt. Cotto also challenges two evidentiary rulings normally subject to review for abuse of discretion. United States v. ______________ Rodriguez Alvarado, 985 F.2d 15, 18 (1st Cir. 1993). First, at __________________ trial a United States Customs agent identified Cotto in the courtroom but testified that Cotto's appearance had changed since his arrest. Cotto objected solely on the ground that the testi- mony was not relevant. Second, the government introduced a photospread from which another witness had made a pretrial identification of Barnwell, Rodriguez and Cotto. Cotto objected on the ground that his unkempt appearance, as depicted in the photospread (e.g., unshaven; dressed in a T-shirt; pony-tail), ____ would cause unfair prejudice. See Fed. R. Evid. 403. The ___ district court ruled that the photospread was not unfairly prejudicial. With respect to the customs agent's in-court identifi- cation testimony, appellant's burden is daunting. "[T]he thresh- old for relevance is very low under Federal Rule of Evidence 401. Evidence is relevant under Rule 401 if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" United States v. Nason, 9 _____________ _____ F.3d 155, 162 (1st Cir. 1993) (citing Fed. R. Evid. 401), cert. _____ denied, U.S. , 114 S. Ct. 1331 (1994). The in-court ______ ____ ____ 3 identification testimony provided highly probative corroboration of other trial testimony that a government witness had seen Cotto, Barnwell, and Rodriguez together at the airport in Puerto ________ Rico, and that it was Cotto's atypical appearance which had attracted the witness's attention to the trio. Since Cotto's physical appearance was no longer the same at trial, the in-court identification testimony was probative of the material fact that the person on trial was the one previously seen in the presence of Rodriguez and Barnwell at the airport. Cf. United States v. ___ _____________ Holmes, 632 F.2d 167, 169 (1st Cir. 1980) (holding that photo- ______ graph of defendant taken at time of arrest is admissible to demonstrate changed appearance at time of trial).1 The Rule 403 challenge can succeed only if the proba- tive value of the photospread was substantially outweighed by the danger, inter alia, of "unfair prejudice." See Fed. R. Evid. _____ ____ ___ 403; United States v. Carty, 993 F.2d 1005, 1011 (1st Cir. _____________ _____ ____________________ 1The record reflects that the only objection made to this testimony at trial was based exclusively on Fed. R. Evid. 401. On appeal, however, Cotto attempts to assert a claim of error under Fed. R. Evid. 403. As the latter claim of error was not preserved below, see Fed. R. Evid. 103(a), we review for "plain ___ error" only, see id. 103(d). United States v. Castiello, 915 ___ ___ _____________ _________ F.2d 1, 3-4 (1st Cir. 1990) (failure to assert proper objection at trial calls for "plain error" review), cert. denied, 498 U.S. _____ ______ 1068 (1991). Careful review reveals that no unfair prejudice resulted from the admission of the in-court identification testimony. See Holmes, 632 F.2d at 169. Thus, there was no ___ ______ error, plain or otherwise. 4 1993).2 The photospread provided probative circumstantial evidence that Cotto had been seen at the hotel in Puerto Rico where Rodriguez and Barnwell stayed before the three were arrest- ed at the airport. Though its admission hampered Cotto's defense by tying all three codefendants together, there was no unfair ______ prejudice. See Onujiogu v. United States, 817 F.2d 3, 6 (1st ___ ________ _____________ Cir. 1987) ("The fact that a piece of evidence hurts a party's chances does not mean it should automatically be excluded, [or] there would be precious little left in the way of probative evidence in any case."). As there was no reversible error, the judgment of conviction and sentence must be affirmed. Affirmed. Affirmed. ________ ____________________ 2Although at trial Cotto challenged this evidence on addi- tional grounds, in his appellate brief he has preserved only the Rule 403 objection. See United States v. Fahm, 13 F.3d 447, 450 ___ ______________ ____ (1st Cir. 1994) (issues adverted to in a perfunctory fashion on appeal are deemed waived). 5