**In re Franklin R. BIENERT and Frances I. Bienert, Debtors.**

**No. 2C 83–3150.**

United States District Court, N.D. Iowa, C.D.

April 5, 1985.

### ORDER

DONALD E. O'BRIEN, Chief Judge.

This matter comes before the Court on an appeal by the Debtors from an Order of the Bankruptcy Court filed November 9, 1983 and Appellee Norwest Bank's motion to dismiss the appeal. The Court heard arguments on both the motion to dismiss and the merits of the appeal in Fort Dodge, Iowa on February 15, 1985. For the reasons stated below, the motion to dismiss is denied and the decision of the Bankruptcy Court is affirmed.

### I.   Motion to Dismiss.

Norwest Bank moves to dismiss for untimely filing of a Designation of Record and Issues on Appeal. Bankruptcy Rule 8006 provides in part:

> Within 10 days after filing the notice of appeal ... the appellant shall file with the clerk of the bankruptcy court and serve on the appellee a designation of items to be included in the record on appeal and a statement of issues to be presented.

The Bankruptcy Court Order which is being appealed was filed on November 9, 1983. The Notice of Appeal was timely

filed on Monday, November 21, 1983. Pursuant to Rule 8006, the Designation of Record and Issues should have been filed on December 1, 1983, ten days after the Notice of Appeal. However, Debtors did not submit the Designation to the clerk of the bankruptcy court until January 3, 1984, at which time the clerk refused to accept the Designation on the grounds that jurisdiction no longer existed at the bankruptcy court level.

At oral argument, the parties agreed the critical issue was whether or not the admitted failure to comply with Rule 8006 is jurisdictional. While the United States Supreme Court has held that the thirty-day time limit in which to file notice of appeal in a civil case, Federal Rule of Appellate Procedure, Rule 4(a), is mandatory and jurisdictional, *Browder v. Director, Illinois Department of Corrections*, 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978), the same is not true of the time limit in which to file a designation of record and issues on appeal. In the context of an untimely designation, the Sixth Circuit reversed the district court's dismissal of an appeal from a bankruptcy court decision and stated:

> We find no evidence of bad faith on the bank's part which would justify dismissal of its appeal.

*In re Winner Corp.*, 632 F.2d 658, 661 (6th Cir.1980). Thus, the Court concludes Rule 8006 is not jurisdictional. Furthermore, there has been no showing of bad faith on the part of the Debtors or their attorney with reference to the untimely designation. This Court is of the view that justice is better served when controversies are decided on their merits rather than procedural technicalities. As a result, the motion to dismiss the appeal shall be denied and the Court will proceed to the merits.

II. Merits of Appeal.

On January 3, 1983, a hearing began concerning matters pending in Debtors'

bankruptcy case. On June 6, 1983, the Honorable Judge William Thinnes entered an Order dismissing the Debtors' Chapter 11 petition and directing certain assignments of PIK corn but reserving jurisdiction to enter necessary administrative orders. At page 1 of that Order Judge Thinnes found:

> At the reconvened hearing on June 4, 1983, the parties agreed that the Debtor would make certain assignments of PIK Program proceeds, and that the Court would then dismiss the Debtors' Chapter 11 case.

Exhibit 1. Problems arose regarding the assignment of the corn and various motions were filed with the Bankruptcy Court in an attempt to deal with these problems. As an end result, the Bankruptcy Court held a hearing on November 9, 1983 and entered an Order that same day regarding the assignment of PIK proceeds.

Exhibit 13. This Order directed the disposition of 74,211 bushels of corn, an amount 18,716 bushels greater than the disposition attempted in the June 6, 1983 Order.

All parties are in agreement that the payment of $75,660.10 to the landlord C.J. Larsen was appropriate. Since Debtors' appeal relates only to the 18,716 bushels not covered by the Order of June 6, 1983, their appeal does not and could not affect said payment to Larsen.

The Debtors contend that because the Bankruptcy Court dismissed the case on June 6, 1983, it did not have jurisdiction over the additional 18,716 bushels. The next step in the Debtors' argument is that Norwest Bank has no security interest in the 18,716 bushels of PIK proceeds because, unlike the security agreement at issue in *In re Sunberg*, 729 F.2d 561 (8th Cir.1984) (Iowa UCC, interpretation of "accounts" and "intangibles" such that rights under PIK covered), the Bank's security agreement with the Debtors does not cover "intangibles."[1] If the Debtors prevail in

---

1. The Court notes that *In re Sunberg* was decided by the Eighth Circuit after Debtors had filed this appeal. The Court further notes that the Debtors' brief does not contend that Norwest

Bank's security interest does not cover "accounts." If Debtors win on their jurisdiction issue but ultimately lose on the security agreement issue, their victory at the step would have

these arguments, they would then be in a position to use the money from the 18,716 bushels to pay off a Commodity Credit Corporation loan which is the subject of a criminal indictment.

Although the parties have not analyzed the case in this way, the essential question raised is whether the Bankruptcy Court acted properly in enforcing what it perceived to be the terms of a settlement agreement. Recently the Fifth Circuit declared:

> Although a district court has inherent power to enforce an agreement to settle a case pending before it *summarily,* when opposition to enforcement of the settlement is based not on the merits of the claim but on a challenge to the validity of the agreement itself, the parties must be allowed an evidentiary hearing on disputed issues of the validity and scope of the agreement.

*Mid-South Towing Co. v. Har-Win, Inc.,* 733 F.2d 386, 390 (5th Cir.1984). In that case, the court remanded for an evidentiary hearing on the validity of the settlement in which the attacking party would have the burden of proof.

█ This Court holds that the Bankruptcy Court had the inherent power (read as jurisdiction) to enforce the settlement agreement, *see Bergstrom v. Sears, Roebuck & Co.,* 532 F.Supp. 923, 934 (D.Minn. 1982), even when the case has been dismissed prior to the order enforcing that agreement. Indeed, even in cases where the court's original jurisdiction is suspect, a court has jurisdiction over settlement agreements entered in that case. *Aro Corp. v. Allied Witan Co.,* 531 F.2d 1368, 1371 (6th Cir.1976), *cert. denied,* 429 U.S. 862, 97 S.Ct. 165, 50 L.Ed.2d 140 (1976).

The Court has reviewed the transcript of the November 9, 1983 hearing before Judge Thinnes. Exhibit 12. While the arguments given and positions taken by those involved in that hearing were not always crystal clear, the reasoning of the Bankruptcy Court is quite clear. First, the Bankruptcy Court concluded it had jurisdiction to enter further orders regarding the PIK proceeds. Exhibit 12, p. 42. Second, the Bankruptcy Court proceeded to enforce the intention of the parties which had been attempted to be expressed in the Court's Order of June 6, 1983. Exhibit 12, pp. 42–43.[2] In effect, the Bankruptcy Court found that the intent as to what the parties were trying to achieve was clear and that the Debtors should not be allowed to back out of that agreement merely because the language used in the June 6, 1983 Order could not be literally followed.

From the record before this Court, it is readily apparent what the reasoning process of the Bankruptcy Court was and, therefore, remanding for explicit findings of fact as to the validity and scope of the parties' agreement is not necessary nor a prudent use of judicial resources. Accordingly,

IT IS ORDERED that the decision of the Bankruptcy Court entered November 9, 1983 is affirmed.

IT IS FURTHER ORDERED that Appellee Norwest Bank's Motion to Dismiss the Appeal is denied.

---

no practical effect other than to cause additional expenditures of legal talent and judicial resources.

2. In view of the finding in the June 6, 1983 Order quoted above, and the record before this Court, *see, e.g.,* Exhibit 12, p. 16, lines 6–16, it is clear the result the parties were trying to effect.