CYR, Circuit Judge.
 

 Appellant Alan D. Williamson challenges a bankruptcy court ruling excluding evidence probative of the chapter 7 debtor-appellee Lewis J. Busconi’s putative intent to defraud Williamson in a substantial real estate transaction. In due course Williamson commenced an adversary proceeding in the bankruptcy court to except his claim from the chapter 7 discharge on the ground that the debt had been induced by fraud.
 
 See
 
 Bankruptcy Code § 523(a)(2)(A), 11 U.S.C. § 523(a)(2)(A) (1994). Following careful review of the entire record, we conclude that the bankruptcy court abused its discretion by excluding the proffered evidence, but that the error did not affect substantial rights.
 

 At the bench trial, Williamson unsuccessfully attempted to introduce evidence as to various events, including Busconi’s conduct, subsequent to the closing of their real estate transaction, from which a factfinder reasonably could have inferred that Busconi had not intended to pay the note at the time it was executed. The evidence was excluded as irrelevant. Nonetheless, after hearing the testimony of both parties, the bankruptcy judge expressly credited Busconi’s testimony, found that Williamson had failed to establish the requisite fraudulent intent, and ruled the Williamson debt dischargeable. On intermediate appeal, the district court affirmed without elaboration.
 
 [1]
 

 As direct evidence is seldom available, fraudulent intent normally is determined from the totality of the circumstances.
 
 Charlie Kelton’s Pontiac, Cadillac, Oldsmobile & Isuzu Truck, Inc. v. Roberts (In re Roberts),
 
 82 B.R. 179, 184 (Bankr.D.Mass.1987). And since “subsequent conduct may reflect back to the promisor’s state of mind and thus may be considered in ascertaining whether there was fraudulent intent” at the time the promise was made, proper application of the “totality” test in the instant context often warrants consideration of post-transaction conduct and consequences, as well as pre-transaction conduct and contemporaneous events.
 
 See Krenowsky v. Haining (In re Haining),
 
 119 B.R. 460, 464 (Bankr.D.Del.1990);
 
 cf. United States v. Rodriguez,
 
 858 F.2d 809, 816 (1st Cir.1988) (“later events often may shed light on earlier motivations”). In sum, the bankruptcy court ruling excluding Busconi’s relevant post-closing conduct constituted an abuse of discretion.
 

 Williamson must also show, however, that the evidentiary ruling adversely affected his “substantial rights.”
 
 See
 
 Fed. R. Bankr.P. 9005, 9017 (incorporating Fed.R.Civ.P. 61; Fed.R.Evid. 103(a)). At a minimum, Williamson would need to demonstrate clear error in the ultimate assessment that the testimony given by Busconi was more credible than that given by Williamson. In light of all the evidence in the record, we are not persuaded that the challenged judgment was substantially influenced by the erroneous evi-dentiary ruling.
 
 See Lubanski v. Coleco Indus., Inc.,
 
 929 F.2d 42, 46 (1st Cir.1991). As there was no clear error in the bankruptcy court’s findings, the district court judgment is
 
 affirmed. The parties shall bear their own costs.
 

 [1]
 

 . The district court’s conclusions of law are reviewed
 
 de novo, Petit v. Fessenden,
 
 80 F.3d 29, 32 (1st Cir.1996); Fed. R. Bankr.P. 8013. The bankruptcy court’s factual findings are reviewed for clear error.
 
 Id.
 
 Evidentiary rulings by the bankruptcy court are subject to the "abuse of discretion” standard.
 
 See United States v. Cotto-Aponte,
 
 30 F.3d 4, 6 (1st Cir.1994).