Barrows v. IRS                          CV-97-550-JD  09/25/98 P
                  UNITED STATES DISTRICT COURT FOR THE
                        DISTRICT OF NEW HAMPSHIRE

Jerry Barrows, et al.

     v.                              Civil No. 97-550-JD

Internal Revenue Service


                              O R D E R


     The appellants, Gerald and Angela Barrows, were debtors in a

Chapter 7 bankruptcy proceeding in which the appellee, the

Internal Revenue Service, filed a proof of claim after

disallowing a number of tax deductions from the appellants' 1987

income tax return.  The Barrows appeal the bankruptcy court's

decisions regarding the allowance of the deductions, its denial

of their first motion to reconsider, and its final amended

judgment (document no. 3).


                            Background[1]

     The appellants filed a joint federal income tax return for

the tax year 1987 in October, 1988.  On June 26, 1991, the IRS

issued a statutory notice of deficiency reflecting outstanding

federal income tax liabilities for 1987 of $50,736.00, plus

_____

     [1]The facts discussed herein are either the findings of fact
of the bankruptcy court or undisputed, unless otherwise noted.

interest and various penalties. The alleged deficiency resulted from unreported dividend income, unreported interest income, and unreported proceeds of stock sales. The deficiency also reflected the disallowance of legal expenses, travel expenses, and miscellaneous deductions because the appellants failed to adequately substantiate the expenses, or because the appellants failed to establish that the expenses were for ordinary and necessary business purposes or were expended for the purposes alleged. After several failed attempts by the appellants to file a proper petition in tax court, the court dismissed the appellants' case for lack of jurisdiction on March 10, 1992. The IRS then assessed the deficiency against the appellants on July 10, 1992.

Meanwhile, the appellants had filed a petition under Chapter 11 of the Bankruptcy Code on January 19, 1990. On July 9, 1990, the Internal Revenue Service ("IRS") filed a proof of claim for $200,646.39. The proof of claim asserted a proposed tax assessment for 1987, and estimated claims for 1988 and 1989. On July 31, 1990, the appellants' bankruptcy case was converted to a Chapter 7 proceeding. On November 11, 1990, the IRS filed a second proof of claim for $216,601.54, asserting the same tax allegedly owed for the years 1987, 1988, and 1989 as the first proof of claim, but adding accrued interest and penalties.

2

On August 30, 1995, the IRS filed an amended proof of claim of $71,565.10, asserting the appellants' tax liability and related interest and penalties for 1987. The liabilities for 1988 and 1989 were removed from the proof of claim. On May 2, 1996, the bankruptcy court issued an order directing the IRS to file an amplified statement in support of their proof of claim. The IRS filed the amplified statement on May 31, 1996, along with a motion for summary judgment on the entire $71,565.10 allegedly due, using the amplified statement as the memorandum in support of the motion for summary judgment.

The appellants filed an objection to the motion for summary judgment on June 6, 1996, challenging the objection as premature. They argued that nothing in the IRS's statement amplified any of the documents at issue, and therefore the IRS had not explained the disputed claim in any greater detail than before. The appellants then specifically contested the IRS's disallowance of certain miscellaneous deductions.

On July 23, 1996, the bankruptcy court held a hearing on the appellants' objection to the IRS's claim and motion for summary judgment. At the hearing the court determined that the only issue in dispute was the disallowance of $106,958.00 in miscellaneous itemized deductions. The court also found that summary judgment was unwarranted as the IRS's explanations for

disallowing certain deductions were not apparent until the evidentiary hearing. The findings, although made in an oral order issued from the bench at the hearing, were also reflected in the court's order of August 1, 1996. Specifically, the court stated in the August 1, 1996, order:

> As indicated above, the hearing has also served to determine that the only question in dispute with regard to the IRS's tax claim is the disallowance of $106,958 from the total miscellaneous deductions claimed on the debtor's tax return for 1987 of $113,048, because Gerald Barrows conceded that he had failed to report certain interest and dividend income for the tax year 1987.

In re Barrows, Bk. No. 90-68, slip op. at 3 (Bankr. N.H. Aug. 1, 1996) ("August 1, 1996, order"). The bankruptcy court established a schedule setting dates on which the appellants were to submit any evidence they might have had substantiating their deductions, and the IRS in turn was to submit any additional evidence it might have had.

On January 14, 1997, the bankruptcy court issued a second order setting a new schedule because the August 1, 1996, order was not served properly and the parties did not have notice of it. The order of January 14, 1996, stated that the IRS "shall submit any documentation it may have in response to the further documentation that the debtors provided to the IRS." In re Barrows, Bk. No. 90-68, slip op. at 5 (Bankr. N.H. Jan. 14, 1997)

4

("January 14, 1997, order").

The bankruptcy court held an evidentiary hearing on the miscellaneous itemized deductions remaining in dispute on March 17, 1997. On March 21, 1997, the court issued an interlocutory order establishing certain allowable deductions for 1987 and disallowing the rest. On April 2, 1997, the appellants filed a motion for reconsideration of the order entered on March 21, 1997. On May 1, 1997, the court held a hearing on the motion for reconsideration, after which it entered an order denying the motion. The IRS was ordered to file a proposed final judgment on the appellants' objection to the claim, which it did on May 9, 1997.

On May 12, 1997, the appellants filed a second motion for reconsideration of the May 1, 1997, order denying their first motion for reconsideration. On July 17, the court held a hearing on the appellants' second motion for reconsideration. The court granted the motion in so far as it allowed the appellants to deduct an additional $7,194.28 of miscellaneous itemized expenses for 1987, reflecting the IRS's concession of an item at the March 17, 1997, hearing. The court also directed the IRS to prepare an amended final order to incorporate the additional allowance.

On July 31, 1997, the appellants filed a motion for a new trial, which was denied. On August 28, 1997, the bankruptcy

5

court issued its amended final judgment establishing the IRS's claim for 1987 at $40,093.28.

On appeal, the appellants seek reversal of: 1) the March 21, 1997, interlocutory order summarizing the findings of the court from the March 17, 1997, hearing; 2) the May 1st, 1997, order denying the appellants' first motion to reconsider; and 3) the August 28, 1997, amended final judgment establishing the amount of the IRS claim at $40,093.28.[2] The appellants assert six grounds on which they allege the bankruptcy court erred, although they do not correlate the alleged errors with the specific orders they seek reversal of. The court will address each of the alleged errors seriatim.

Discussion

This court reviews a bankruptcy court's conclusions of law de novo. See Prebor v. Collins (In re I Don't Trust), 143 F.3d 1, 3 (1st Cir. 1998). The bankruptcy court's factual findings and application of properly construed law to fact are reviewed for clear error. See Winthrop Old Farm Nurseries v. New Bedford Inst. For Sav. (In re Winthrop Old Farm Nurseries), 50 F.3d 72,

---

[2]Although both Angela and Gerald Barrows filed and signed an appeal, subsequent filings are signed solely by Gerald Barrows. The court understands both Angela and Gerald Barrows to be appellants in this case.

73 (1st Cir. 1995).  Evidentiary rulings are reviewed for abuse of discretion.  See Williamson v. Busconi, 87 F.3d 602, 603 n.1 (1st Cir. 1996).

A.   Default

The appellants first assert that the bankruptcy court erred in not entering a default judgment against the IRS for its alleged failure to submit documentation.  The appellants aver that the IRS failed on two occasions to respond to the bankruptcy court's orders requiring the IRS to submit certain information to the court.

In its August 1, 1996, order, the bankruptcy court directed the IRS to "submit any documentation it may have in response to whatever documentation the debtors provide to the IRS . . . ." In re Barrows, Bk. No. 90-68, slip op. at 5 (Bankr. N.H. Aug. 1, 1996) ("August 1, 1996, order").  The IRS did not submit any further documentation.  In a subsequent order dated January 14, 1997, the bankruptcy court determined that the IRS's lack of response was attributable to the defective service of the August 1st order.  See January 14, 1997, order at 1.  The court therefore granted the IRS until February 18, 1997, to "submit any documentation it may have in response to the further documentation that the debtors provided to the IRS."  Id.  The

7

IRS again did not submit any further documentation. The appellants assert that the IRS therefore defaulted.

Entry of a default judgment is committed to the discretion of the bankruptcy court, and the decision will not be reversed unless the bankruptcy court abused its discretion. <u>See</u> <u>Jones Truck Lines, Inc. v. Foster's Truck & Equipment Sales</u> (<u>In re Jones Truck Lines, Inc.</u>), 63 F.3d 685, 686 (8th Cir. 1995).

The IRS had already filed an amended proof of claim on August 30, 1995, followed by an amplified statement of the claim pursuant to court order on May 31, 1996. The proof of claim established the presumptive validity and amount of the claim. <u>See</u> Fed. R. Bankr. P. 3001(f) ("A proof of claim . . . shall constitute prima facie evidence of the validity and amount of the claim."). At this point, the burden to overcome the presumption of validity is placed on the objecting party. <u>See</u> <u>In re Hemingway Transp., Inc.</u>, 993 F.2d 915, 925 (1st Cir. 1993) (citing <u>Norton Bankruptcy Law and Practice, Bankruptcy Rules</u> at 191 (Clark Boardman Callaghan 1992)). Having established the presumptive validity of its claim, the IRS did not have to submit additional documentation or risk default, and nothing in the bankruptcy court's orders indicate that the IRS faced default if they failed to provide additional documentation. <u>See</u> August 1, 1996, order at 5; January 14, 1997, order at 1. If anything, the

8

orders indicate that the IRS may be precluded from submitting additional documentation at a later date if they failed to submit the documents in accordance with the court ordered schedule. In other words, additional submissions were optional. The bankruptcy court therefore did not abuse its discretion when it did not find the IRS in default.

B.   Exclusion of Evidence

The appellants next contend that the bankruptcy court erred when it refused to allow them to enter certain documents into evidence. The appellants do not specify which documents are contested, although from the appellants' citation to the trial transcript it appears that the excluded evidence was a summation of financial transactions drafted by the appellants. See Brief and Appendix for the Pro Se Debtor Plaintiff Appellant at 5 ("Appellants' Brief"); Transcript of Morning Session Only of Final Hearing on Objection to Claim of IRS (Claim No. 23) Filed by Debtor Before the Honorable James E. Yacos, J.U.S.B.C. at 29 (March 17, 1997) ("Morning Tr."). The transcript does not indicate the bankruptcy court's reasoning behind its decision.

The Federal Rules of Evidence are applicable to cases under the Bankruptcy Code, see Fed. R. Bankr. 9017, and pursuant to the best evidence rule, the appellants were required to provide the

original document unless an exception was applicable, see Fed. R. Evid. 1002, 1004. The appellants did not establish that any exceptions were applicable, and as the document was a summation of other documents and not the original, it was properly excluded. Moreover, the mere fact that the appellants may be required by court order to provide certain information in discovery to other parties does not establish the admissibility of that information at trial. See F. Bankr. R. 7034; Fed. R. Civ. P. 26 (b)(1). The bankruptcy court did not abuse its discretion.

C.   Burden of Proof

The appellants also contend that the bankruptcy court erred in failing to resolve prior to the evidentiary hearing on March 17, 1997, which side carried the ultimate burden of persuasion, and in relying on previously undisclosed case law in making its determination. The appellants fail to indicate any authority, and the court is unaware of any, that supports the appellants' contention that a court is obligated to provide or explain controlling law to the parties, even those appearing pro se, in advance of trial. The appellants had notice that the court had not yet resolved the burden of persuasion question. They therefore were aware that the court might find it was the

10

appellants who carried the ultimate burden of persuasion.[3]  See August 1, 1996, order at 2-3.  If this determination affected the appellants' trial preparation, prudence suggests they should have been prepared to carry the burden of persuasion.

In the event the appellants also intended to argue that the bankruptcy court erroneously required them to carry the burden of persuasion, the court will also review the substantive legal standard applied by the bankruptcy court.  In general, courts have placed the ultimate burden of persuasion of proving the validity and amount of a claim on the claimant in a bankruptcy proceeding.  See Juniper Dev. Group v. Kahn (In re Hemingway Transp., Inc.), 993 F.2d 915, 925 (1st Cir. 1993); see also, Norton Bankruptcy Law and Practice, Bankruptcy Rules, at 189 (Clark Boardman Callaghan 1996) ("Of course, once the presumption [of the validity and amount of a claim established by the proof

---

[3]Indeed, at the July 23, 1996, hearing the court stated that the IRS had established the specifics of its tax claim "sufficient to throw the burden of proof to the debtor to document the items in question – the deductibility of the items in question.  That burden of proof is the burden of persuasion and not just the burden of going forward . . . ."  Transcript Of Hearing On Objection To Claim Of IRS, Filed By Debtors; Motion For Summary Judgment Filed By IRS Before The Honorable James E. Yacos, J.U.S.B.C. at 61 (July 23, 1996) ("July 23 Tr.").  Although in its subsequent order the court indicated that the law was unresolved, this statement should clearly have put the appellants on notice that they might carry the burden of persuasion.

of claim] is overcome, the ultimate burden to establish the validity of a claim is placed on the creditor.").

Requiring the claimant in a bankruptcy proceeding to carry the burden reflects the "general principle [of placing] the claimant in the same position it would have been in as a civil plaintiff outside of the bankruptcy context." Thinking Machs. Corp. v. New Mexico Taxation and Revenue Dept., 211 B.R. 426, 430 n.5 (D. Mass. 1997). Unlike a private civil claimant, however, in cases outside the bankruptcy context the IRS enjoys the benefit of having "taxpayers bear the burden of proving that a tax deficiency is erroneous." Delaney v. Commissioner of Internal Revenue, 99 F.3d 20, 23 (1st Cir. 1996). Both the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure are silent as to whether the general rule in bankruptcy proceedings requiring the claimant to carry the ultimate burden of persuasion is supplanted in cases where the claimant is a taxing authority. See Franchise Tax Bd. v. MacFarlane (In re MacFarlane), 83 F.3d 1041, 1045 (9th Cir. 1996); Thinking Machs., 211 B.R. at 428-29.

The circuits are split as to which party should bear the burden of persuasion in disputes in bankruptcy proceedings, with the Third, Fourth, and Seventh Circuits holding that the taxpayer/debtor should bear the burden in the bankruptcy context, and the Fifth, Eighth, Ninth, and Tenth Circuits holding that the

12

burden should rest on the taxing authority. See Franchise Tax Bd. v. MacFarlane (In re MacFarlane), 83 F.3d 1041, 1045 (9th Cir. 1996), cert. denied, -- U.S. --, 117 S.Ct. 1243 (1997); Brown v. Internal Revenue Service (In re Brown), 82 F.3d 801, 805 (8th Cir. 1996); Placid Oil Co. v. Internal Revenue Service (In re Placid Oil Co.), 988 F.2d 554, 557 (5th Cir. 1993); United States Internal Revenue Service v. Charlton, 2 F.3d 237, 239-40 (7th Cir. 1993); Internal Revenue Service v. Levy (In re Landmark Equity Corp.), 973 F.2d 265, 268-71 (4th Cir. 1992); Fullmer v. United States (In re Fullmer), 962 F.2d 1463, 1466 (10th Cir. 1992); Resyn Corp. v. United States, 851 F.2d 660, 663 (3d Cir. 1988). The First Circuit has not yet addressed the issue. See Thinking Machs., 211 B.R. at 429.

Legislative history reflects the fact that the Bankruptcy Code, in resolving claims against an estate, "does not endeavor to supplant the substantive law under which the claim against the estate . . . arose." In re Landmark Equity Corp., 973 F.2d at 270.[4] Where "the internal goals of the bankruptcy system require alteration of externally created substantive rights, including '(1) equality of distribution between the creditors, (2) a fresh start to the debtor, and (3) economical administration [of the

---

[4]The burden of proof is part of substantive tax law. See Dick v. New York Life Ins. Co., 359 U.S. 437, 446 (1959).

bankruptcy system,]'" displacing the substantive law may be warranted.  Id. (quoting Report of the Commission on the Bankruptcy Laws of the United States, H.R. Doc. No. 137, 93d Cong., 1st Sess., Pt. I, 75 (1973) (alteration in the original)).

Congress has not indicated an intent to displace the substantive tax law requirement that the taxpayer bear the burden of proof regarding a claim.  See In re Landmark Equity Corp., 973 F.2d at 270 ("[N]o portion of the Bankruptcy Code expresses a policy or intent to replace any aspect of the federal tax law with any special legal requirement to be applied only in the context of a bankruptcy proceeding.").  Nor does the court find a conflict between the bankruptcy system's goals and the allocation of the burden of persuasion in tax cases that compels supplanting the substantive tax law.  The first goal of the bankruptcy system, equal distribution among creditors, might be adversely affected to some extent if the taxpayer-debtor carried the burden of proof, favoring the IRS over other creditors.  See MacFarlane, 83 F.3d at 1045.  However, Congress has already accorded taxing authorities as a class more favorable treatment under the Bankruptcy Code.  Tax claims receive statutory priority over other creditors' claims, see 11 U.S.C.A. § 507(a)(8)(A) (West Supp. 1998), and unlike other creditors' claims, tax-related debts cannot be discharged in bankruptcy, see 11 U.S.C.A.

14

523(a)(1) (West 1993). <u>See also</u>, <u>Thinking Machs.</u>, 211 B.R. at 430; 15 <u>Collier on Bankruptcy</u>, ¶TX5.03[5] (15th ed. 1997) (The <u>MacFarlane</u> position "overlooks the frequent disparate treatment of the government as tax-creditor found in the Bankruptcy Code regarding such matters as the priority and dischargeability of claims."). Second, although one could envision some detrimental effect on the goal of providing a "fresh start" to the debtor by the bankruptcy process, the court does not find the effect to be significant. Conversely, the third goal, the efficient administration of bankruptcy cases, would be facilitated by placing the burden of persuasion on the taxpayer-debtor. The taxpayer has control over information relevant to the tax claim. Requiring the taxpayer to come forward with such information would reduce problems frequently encountered during the discovery process, and thereby free the bankruptcy court from becoming embroiled in discovery disputes. The court therefore does not find that the goals of the banking system require supplanting the substantive tax law.

In contrast, the court finds two compelling policy reasons for maintaining the substantive tax law in bankruptcy proceedings and requiring the debtor to carry the burden of persuasion where the claimant is a taxing authority. First, if the burden of proof was allocated differently between the bankruptcy forum and

15

other forums, there would be a great incentive for taxpayers to forum shop.  Simply by filing for bankruptcy, the taxpayer could shift the potential responsibility for establishing the validity and amount vel non of a tax claim to the taxing authority.  Second, as observed by the court in Thinking Machs., "if the taxpayer knows that the burden of proof falls upon the taxing authority, it would have little incentive to maintain the necessary records, thereby making the government's case more difficult if not impossible to establish."  211 B.R. at 431 (citations and quotations omitted).  The bankruptcy court did not err in holding that the burden of persuasion rested with the appellants and not the IRS.

D.    New Legal Theory

The appellants also argue that the bankruptcy court erred by allowing the IRS to assert a new "legal theory" at trial, although the appellants do not specify what legal theory they refer to.  However, in their first motion to reconsider they argued that the IRS should not have been permitted to assert a new "legal theory" disallowing expenses simply because the expenses listed in the appellants' check ledger did not correspond to those listed in their tax return.  The appellants also assert that the "legal theory" was untimely.

16

The court does not find that any new legal theory was advanced. Instead, after reviewing the transcript, the court finds that the bankruptcy court simply determined that the appellants failed to provide sufficient evidence to establish that the appellants were entitled to certain deductions. See Transcript of Afternoon Session Only of Final Hearing on Objection to Claim of IRS (Claim No. 23) Filed by Debtor Before the Honorable James E. Yacos, J.U.S.B.C. at 29-80 (March 17, 1997). Moreover, the appellants have not established that the bankruptcy court's determinations were clearly erroneous.

E.   Items in Dispute

Finally, the appellants assert that the bankruptcy court mistakenly found the only item in dispute at the March 17, 1997, hearing was a disallowance of $106,958.00 out of $113,048.00 in miscellaneous expense deductions, and therefore it erroneously precluded them from arguing the validity of other deductions. The burden is on the appellants to show that the bankruptcy court's findings of fact were clearly erroneous. See Bankr. R. 8013; see also, Ballato v. Ballato, 190 B.R. 447, 448 (M.D. Fl. 1995).

On May 31, 1996, the IRS filed both its motion for summary judgment and its amplified statement. The motion sought summary

judgment on the entire claim asserted by the IRS.  The appellants filed an objection, which they titled an "initial objection," asserting that summary judgment was premature, and that the IRS had not adequately amplified their claim.  In the objection the appellants contested only the miscellaneous itemized deductions. See Debtors' "Initial Objection" to United States Motion for Summary Judgment on Debtor's Objection to Internal Revenue Service Proof of Claim #23 (8/28/95) at 2, 3.  The record does not indicate that the appellants filed any other objections with the court.  Moreover, at the July 23, 1996, hearing on the appellants' objection to the IRS's motion for summary judgment, the appellants were asked whether they were contesting other items, to which the appellants replied in the negative.  See July 23 Tr. at 61.  In addition, the appellants never responded or objected to the oral order the judge issued from the bench at the July 23 hearing, when the judge stated that "[t]he hearing has also served to determine that the only question in dispute with regard to the Government's tax claim is the disallowance of the – of 106,000 and $958 of the total miscellaneous deductions claimed on the tax return for 1987 of $113,048."  July 23 Tr. at 65. Indeed, the subject matter of the July 23 hearing revolved almost exclusively around the miscellaneous deductions.

Following the July 23 hearing the bankruptcy court issued

18

the August 1, 1996, order which provided the basis for the March 17, 1997, evidentiary hearing. In the August 1, 1996, order, the bankruptcy court again stated that "[t]he July 23, 1996,] hearing has also served to determine that the only question in dispute with regard to the IRS's tax claim is the disallowance of $106,958 from the total miscellaneous expense deductions claimed on the debtor's tax return for 1987 of $113,048, because the debtor Gerald Barrows conceded that he had failed to report certain interest and dividend income for tax year 1987." August 1, 1996, order at 3. The appellants argue that because the order only stated that the appellants conceded interest and dividend income, the March 17, 1997, evidentiary hearing should have encompassed consideration of additional items. See Appellants' Brief at 4. They also argue that the July 23, 1996, hearing clearly established that the only item conceded was interest income.

This court disagrees. Given the content of the appellants' written objection, the subject matter of the July 23, 1996, hearing, the appellants' response to the court's questioning and their silence in the face of the court's oral order, the bankruptcy court's factual conclusion was not clearly erroneous. To the extent that the appellants did wish to pursue other objections, they failed to do so below and the objections are

waived.  Finally, the court does not find compelling the appellants' argument that the bankruptcy court only stated they had conceded interest and dividend income.  See August 1, 1996, order at 3.  It is not clear that the court was intending to make an exclusive list, and in so far as the statement is in conflict with the preceding determination that only miscellaneous deductions were contested, it would appear that the list was not intended to be exclusive.  The court therefore finds the appellants failed to establish that the bankruptcy court's conclusions were clearly erroneous.

In light of the above discussion, the court finds the appellants have not met their burden of establishing that the court erred, factually or legally, in the interlocutory order issued on March 21, 1997, as amended by the court in following orders.  They also failed to establish either that the court's amended final judgment, or its rejection of their first motion for reconsideration, after accounting for the concession of the IRS as reflected in their second motion for reconsideration, was in error.

## Conclusion

For the reasons discussed above, the decision of the bankruptcy court is affirmed.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

September 25, 1998

cc:  Gerald Barrows, pro se
     Angela Barrows, pro se
     William M. Kostak, Esquire
     George Vannah, Clerk, US Bankruptcy Court