Víctor Ortega CALDERÓN, Dana L. Acosta Quiñones, Appellant(s),

v.

CITIMORTGAGE, INC., Appellee(s).

Civil No. 09–1414 (DRD).

United States District Court, D. Puerto Rico.

Sept. 27, 2010.

Luisa S. Valle–Castro, C. Conde & Mirandes, San Juan, PR, for Appellants.

Vanessa M. Torres–Quiñones, Martinez & Torres Law Offices, PSC, San Juan, PR, for Appellee.

## ORDER DISMISSING APPEAL

DANIEL R. DOMÍNGUEZ, District Judge.

Pending before the Court is an appeal filed by debtors-appellants Víctor Ortega Calderón ("Ortega") and Dana L. Acosta Quiñones ("Acosta" or collectively "Appellants"), against creditor CitiMortgage, Inc. ("CMI"), wherein the appellants challenge the *Opinion and Order* entered by the Hon. Brian K. Tester, on April 6, 2009, in Bankruptcy Case No. 02–7934 (BKT), Docket No. 556, denying appellants' reconsideration request from an *Order* entered on March 3, 2009, Docket No. 552, finding that the bankruptcy court lacked jurisdiction to entertain appellants' untimely objection to claim. Debtors-appellants' objection to claim was filed almost four months after the bankruptcy court had entered an order confirming their proposed plan of reorganization.[1] CMI opposed the objection to claim on the grounds that, the bankruptcy court lacked jurisdiction to entertain the objection under the *res judicata* doctrine, and the objection is time barred under the provisions of the Chapter 11 confirmed plan. For the reasons set forth below, the instant appeal is dismissed with prejudice, and the *Opinion and Order* of April 6, 2009 entered by the bankruptcy court is affirmed.

### Jurisdiction

This Court has jurisdiction to entertain bankruptcy appeals pursuant to 28 U.S.C. § 158(a)(1).

---

1. The *Order Confirming Plan* was entered on September 12, 2007 (Bankruptcy Case No. 02–7934, Docket No. 439), and the debtors-

appellants' *Objection to Claim No. 3* was filed on January 8, 2008 (Bankruptcy Case No. 02–7934, Docket No. 451).

## Standard of Review

On appeal, the district court reviews rulings of law *de novo* and findings of fact for clear error. *Prebor v. Collins* (*In re I Don't Trust*) 143 F.3d 1, 3 (1st Cir.1998); *Jeffrey v. Desmond,* 70 F.3d 183, 185 (1st Cir.1995). "Under an abuse of discretion standard, a reviewing court cannot reverse unless it has a 'definite and firm conviction that the court below committed a clear error of judgment' in the conclusion it reached upon a weighing of the relevant factors." *Taylor v. Hosseinpour–Esfahani,* 198 B.R. 574, 577 (9th Cir. BAP 1996), citing *Marchand v. Mercy Medical Ctr.,* 22 F.3d 933, 936 (9th Cir. 1994). "Evidentiary rulings by the bankruptcy court are subject to the 'abuse of discretion' standard." *Williamson v. Busconi,* 87 F.3d 602, 603, n. 4 (1st Cir.1996), citing *United States v. Cotto–Aponte,* 30 F.3d 4, 6 (1st Cir.1994).

"The standard of review on this appeal requires that we respect, unless 'clearly erroneous,' all findings of fact by the bankruptcy court, which includes any finding of actual reliance and any raw fact findings pertinent to the issue of justifiable reliance. *Brandt v. Repco Printers & Lithographics, Inc.,* 132 F.3d 104, 107–08 (1st Cir.1997)." *In re Spadoni,* 316 F.3d 56, 58 (1st Cir.2003). "A court reviewing a decision of the bankruptcy court may not set aside findings of fact unless they are clearly erroneous, giving 'due regard ... to the opportunity of the bankruptcy court to judge the credibility of the witnesses.' (Citations omitted)." *Palmacci v. Umpierrez,* 121 F.3d 781, 785 (1st Cir.1997).

"A finding of fact is clearly erroneous, although there is evidence to support it, when the reviewing court, after carefully examining all the evidence, is 'left with the definite and firm conviction that a mistake has been committed.'" *Palmacci,* 121 F.3d at 785, citing *Anderson v. City of Bessemer City,* 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). "Deference to the bankruptcy court's factual findings is particularly appropriate on the intent issue '[b]ecause a determination concerning fraudulent intent depends largely upon an assessment of the credibility and demeanor of the debtor.'" *Id.* citing *In re Burgess,* 955 F.2d 134, 137 (1st Cir.1992). "Particular deference is also due to the trial court's findings that depend on the credibility of other witnesses and on the weight to be accorded to such testimony." *Id.* citing Fed.R.Bank.R. 8013; *Keller v. United States,* 38 F.3d 16, 25 (1st Cir. 1994).

Moreover, when the parties do not contest the findings of fact made by the bankruptcy court, the appeals court will not disturb them. *In re Joelson,* 427 F.3d 700, 702 (10th Cir.2005) ("Because the parties do not specifically contest the bankruptcy court's findings of fact, the court will not disturb this ruling on appeal"), citing *Jenkins v. Hodes (In re Hodes ),* 287 B.R. 561, 570 (D.Kan.2002), *aff'd,* 402 F.3d 1005 (10th Cir.2005).

In the instant appeal, the appellants only contest the conclusions of law made by the bankruptcy court, specifically the lack of jurisdiction to entertain the objection to claim based on the *res judicata* doctrine. *See Appellants' Brief,* Docket No. 4, pages 3–4.

## Issues

The questions before the Court are: (a) whether the bankruptcy court erred "when it determined that it lacked jurisdiction based on the doctrine of *res judicata* to consider an objection to a fraudulent claim;" and (b) whether the bankruptcy erred "when it determined that the fraud, miscarriage of justice and public policy exceptions to the *res judicata* doctrine were inapplicable to the facts of the case."

*See Appellants' Brief,* Docket No. 4, pages 3–4.

### Factual and Procedural Background

 The facts in the instant case are uncontested. The debtors-appellants filed for voluntary relief under Chapter 11 of the Bankruptcy Code on July 26, 2002. On August 20, 2002, CMI filed its proof of claim, as a secured creditor, in the amount of $133,732.94 ("Claim No. 3").[2] Debtors-appellants were $9,054.17 in arrears, at the time of the filing of CMI's proof of claim. *See Appellee's Brief,* Docket No. 5, page 6. According to CMI's proof of claim, the loan was executed on April 20, 1990; it is secured with debtors-appellants' realty, and the payment term of the loan is 360 months. *See Appellee's Brief,* Docket No. 5, pages 6–7. CMI alleges that the debtors-appellants did not object to CMI's claim at the time it was filed. *See Appellee's Brief,* Docket No. 5, page 8.

CMI further argues that during the course of the proceedings they filed two motions for relief from stay due to the debtors-appellants' failure to make the post-petition mortgage payments as agreed. The record shows that the CMI's motions for relief were filed on June 9, 2003 and July 9, 2007, *see* Bankruptcy Case No. 02–7934, Docket entries No. 72 and 407. *See Appellee's Brief,* Docket No. 5, page 7. The June 9, 2003 motion had a statement of account which disclosed the date of maturity of the loan, which is May 1, 2020. *See Appellee's Brief,* Docket No. 5, page 7. The July 9, 2007 motion for relief had a copy of the mortgage note

attached, which states that the loan was "due and payable on May 1, 2020." *See Appellee's Brief,* Docket No. 5, page 7, and Exhibit I, Docket No. 5-2, page 4. CMI alleges that the debtors-appellants answered the motion for relief, but failed to "raise any questions as to the term of the note or its validity," at that stage of the proceedings. *See Appellee's Brief,* Docket No. 5, page 7.

The Bankruptcy Court record shows that the debtors-appellants filed the disclosure statement and the proposed reorganization plan on January 20, 2006, *see* Bankruptcy Case No. 02–7934, Docket entries No. 274 and 275. The plan was confirmed on September 12, 2007, *see* Bankruptcy Case No. 02–7934, Docket No. 439. The Court makes reference to the following provisions of the confirmed plan, which are applicable to the issues on appeal:

a. Article I, ¶ 23, provides: DEFINITIONS

*"Effective Date "* shall mean Sixty (60) [days] after the Confirmation Date, and shall be the date on which there shall be made all initial cash payments required by the Plan.

*"Final Order "* shall mean an Order of the Bankruptcy Court (or other court of appropriate jurisdiction) which has not been reversed, stayed, modified or amended and the time to appeal from or to seek review or rehearing of such order shall have expired, and as to which no appeal or petition for review or rehearing or certiorari proceeding is pending, as a result of which such

---

**2.** The Court notes that Rule 3001(f) of the Federal Rules of Bankruptcy Procedure ("Fed.R.Bankr.P.") provides: "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." "Under this rule, a claim is presumed valid until an objecting party has introduced evidence sufficient to rebut the claim-

ant's prima facie case." *In re Fili,* 257 B.R. 370, 372 (1st Cir.BAP2001), *citing In re Inter–Island Vessel Co.,* 98 B.R. 606, 608 (Bankr. D.Mass.1988). "A proof of claim will prevail over a mere formal objection." *Id.* (*citations omitted* ). "Plan confirmation is a final order, with *res judicata* effect, and is imbued with the strong policy favoring finality." *Id.* at p. 373.

Order shall have become final in accordance with Rule 8002 of the Rules of Bankruptcy Procedure, as such Rule may be amended from time to time; *provided, however,* that the possibility that a motion under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure, or any analogous rule under the Bankruptcy Rules, may be filed with respect to such order shall not cause such order not to be a Final Order.

b. Article VII provides: OBJECTIONS TO CLAIMS

The Debtors, at their option, or upon order of the Bankruptcy Court if requested, **may file an objection to any claim as to its validity or amount within 30 days before the Confirmation Hearing Date. Objections not filed within such time period shall be deemed waived.** If an objection is made, payment to such claimants will be made only after the entry of a final order by the Court allowing such claim in accordance with the provisions of the Plan governing such Class to which such claims belongs.

c. Article XIII provides: RELEASE AND DISCHARGE OF CLAIMS

13.1 *Discharge. . . .*

13.2 *Injunction Relating to the Plan.* As of the Effective Date, all Persons are hereby permanently enjoined from commencing or continuing, in any manner or in any place, any action or other proceeding, whether directly, indirectly, derivatively or otherwise against the Debtors, ILYLI [debtor I Love You Lord Home Center, Inc., Bankruptcy Case No. 05–12869 (BKT) ] and/or their Estate, on account of, or respecting any Claims, debts, rights, Causes of Action or liabilities discharged pursuant to the Plan, except to the extent expressly permitted under the Plan.

13.3 *Setoffs. . . .*

d. Article XV: OTHER PROVISIONS

The Plan shall become effective upon the Effective Date of the Plan, which is sixty days (60) after the order confirming the plan, becomes a Final Order. (Emphasis ours).

*See* Bankruptcy Case No. 02–7934, Docket No. 439.

As stated above, the Bankruptcy Court confirmed the Plan, on September 12, 2007, *see Order Confirming Plan,* Bankruptcy Case No. 02–7934, Docket No. 439 (hereinafter *"Order Confirming Plan "*). Hence, the *Order Confirming Plan* became final and unappealable sixty (60) days thereafter, that is, November 11, 2007. *See Opinion and Order,* Bankruptcy Case No. 02–7934, Docket No. 556, page 1.

The Bankruptcy Court further held that the debtors-appellants failed to object to CMI's claim, at the hearing on confirmation of the plan. "The debtor had ample knowledge and opportunity to litigate this particular claim prior to the order confirming plan becoming final, yet failed to do so." *See Opinion and Order,* Bankruptcy Case No. 02–7934, Docket No. 556, pages 3–4.

On January 8, 2008, the debtors-appellants filed a tardy objection to CMI's claim number 3, "arguing for the first time since the petition was filed that the note was for a 20 year period as opposed to a 30 year period." *See Appellees' Brief,* Docket No. 5, page 8. CMI replied to the debtors-appellants' objection to claim on February 25, 2008. *See Appellees' Brief,* Docket No. 5, page 8. A payoff balance of the loan was issued on March 31, 2008 to the debtors-appellants, in the amount of the $126,776.20 payable as of April 30, 2008.

*See Appellees' Brief,* Docket No. 5, page 8. The debtors-appellants' residence, which was the security of CMI's loan, was sold on April 7, 2008 to a third party in the amount of $300,000.00. *See Appellees' Brief,* Docket No. 5, page 8.

On April 30, 2008, the Bankruptcy Court ordered the debtors-appellants to deposit the proceeds of the sale with the Clerk of the Court until the controversy between the debtors-appellants and CMI was resolved. *See* Bankruptcy Case No. 02–7934, Docket No. 473. On May 12, 2008, the Bankruptcy Court ordered CMI to deposit the amount of $126,776.20 corresponding to the proceeds of the sale, with the Clerk of the Court. *See* Bankruptcy Case No. 02–7934, Docket No. 477, and *Appellees' Brief,* Docket No. 5, page 8. CMI consigned the corresponding funds on June 2, 2008. *See* Bankruptcy Case No. 02–7934, Docket No. 493, and *Appellees' Brief,* Docket No. 5, page 8.

Thereafter, the Bankruptcy Court ordered the parties to file legal memoranda "as to the jurisdictional issue of the ability to file an objection to claim after the confirmation of the plan." *See Appellees' Brief,* Docket No. 5, page 8. On March 3, 2009, the Bankruptcy Court held a hearing on the jurisdictional issue only, and determined that the Bankruptcy Court lacked jurisdiction to entertain the debtors-appellants' objection to CMI's claim based on the doctrine of *res judicata. See* Bankruptcy Case No. 02–7934, Docket No. 544, *Minutes* of the March 3, 2009 hearing, and Docket No. 552, Transcript of the Proceedings held on March 3, 2009, page 32:

> THE COURT: As to the merits of the objection itself, no, I have not made any determination as to the merits. My ruling is that based on my review of the documents, the docket, and the relevant case law, we do not have jurisdiction to entertain the objection to the proof of claim, as I stated on the record already. And that's our ruling. And the objection to the proof of claim would be denied based on the lack of jurisdiction of the Court.

On March 6, 2009, the debtors-appellants moved the Bankruptcy Court to reconsider its *Order* of March 3, 2009, and on April 6, 2009, the Bankruptcy Court denied the reconsideration request through an *Opinion and Order,* which is now subject of this appeal. "[T]his Court concluded at the March 3, 2009 hearing, that the *res judicata* effect of the confirmation order divested this Court of jurisdiction over any matter regarding a claim dispute." *See* Bankruptcy Case No. 02–7934, Docket No. 556, page 3, and *Appellees' Brief,* Docket No. 5, page 9.

**Applicable Law and Discussion**

Section 1141(a) of the Bankruptcy Code provides:

> Except as provided in subsections (d)(2) and (d)(3) of this section, the provisions of a confirmed plan bind the debtor, any entity issuing securities under the plan, any entity acquiring property under the plan, and any creditor, equity security holder, or general partner in the debtor, whether or not the claim or interest of such creditor, equity security holder, or general partner is impaired under the plan and whether or not such creditor, equity security holder, or general partner has accepted the plan.

It is has long been settled that an order confirming a plan is to be given *res judicata* effect. *See Stoll v. Gottlieb,* 305 U.S. 165, 170, 59 S.Ct. 134, 83 L.Ed. 104 (1938). In *Stoll,* the Court held:

> But where the judgment or decree of the Federal court determines a right under a Federal statute, that decision is "final until reversed in an appellate court, or modified or set aside in the

court of its rendition." As this plea was based upon an adjudication under the reorganization provisions of the Bankruptcy Act, effect as *res judicata* is to be given the Federal order, if it is concluded it was an effective judgment in the court of its rendition.

*See also Monarch Life Insurance Company, et al. v. Ropes & Gray,* 65 F.3d 973, 978–979 (1st Cir.1995); *In re Space Building Corporation,* 206 B.R. 269, 272–273 (D.Mass.1996) ("The Order of Confirmation of the Bankruptcy Court has binding effect and is *res judicata*" ... "Because of its *res judicata* effect, a confirmed Plan is not vulnerable to collateral attack"), as well as the collection of cases cited therein; *In re Romero,* 411 B.R. 56, 60 (Bankr. D.Mass.2009) ("Ordinarily principles of *res judicata* prevent a subsequent attack on the confirmation of a plan," (citations omitted)); *In re DiBerto,* 171 B.R. 461, 471–472 (Bankr.D.N.H.1994) ("Application of the doctrine of *res judicata* to the confirmation order supports the strong policy of finality in the reorganization process").

 ██ In the instant case, the *Opinion and Order* on appeal is based on the bankruptcy court's lack of jurisdiction which is grounded in the doctrine of *res judicata.* This Court reviews *de novo* the conclusions of law of the bankruptcy court. *In re Colonial Mortgage Bankers Corp.,* 324 F.3d 12, 16 (1st Cir.2003); *In re High Voltage Engineering Corporation, et al.,* 544 F.3d 315, 318 (1st Cir.2008); *Monarch Life Insurance Company, et al. v. Ropes & Gray,* 65 F.3d at 978–979.

In *Colonial Mortgage,* 324 F.3d at 16 and 20, the Court held:

> Federal law determines whether an earlier judgment, rendered in a federal court, bars the maintenance of a subsequent federal court action. *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n,* 142 F.3d 26, 37 (1st Cir.1998).

Under federal law, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). Thus, the elements of a *res judicata* defense are (1) a final judgment on the merits in an earlier proceeding, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two actions. *Gonzalez v. Banco Cent. Corp.,* 27 F.3d 751, 755 (1st Cir. 1994).

> . . .

Because *res judicata* bars not only those theories that are actually litigated on the earlier action but also those theories that could have been litigated herein, *see McCurry,* 449 U.S. at 94, 101 S.Ct. 411, *Mass. Sch. Of Law,* 142 F.3d at 39, . . . .

It is well settled, that a party cannot play "fast and loose with the courts" to advance its own interest, particularly if the cause of action now raised could have been raised before during the pendency of the bankruptcy proceedings, such as, the time when the proof of claim was filed; the confirmation of the plan; the period to file objections prior to the confirmation of the plan, or when CMI twice moved for relief from stay during the bankruptcy proceedings. *See Patriot Cinemas, Inc. v. Gen. Cinemas Corp.,* 834 F.2d 208, 212 (1st Cir.1987); *Payless Wholesale Distributors, Inc., et al.* 989 F.2d 570, 571 (1st Cir.1993).

In its legal analysis, the Bankruptcy Court held that it was divested of jurisdiction after the order confirming plan became final and unappealable. *See Opinion and Order* of April 6, 2009, Bankruptcy Case No. 02–7934, Docket No. 556. "Whatever claims were distinctly put at issue in the proceeding for

confirmation of a Chapter 11 plan and determined by the bankruptcy court are forever barred by the confirmation order and cannot be collaterally attacked in a subsequent suit between parties to the confirmation proceeding and their privies—so long as the confirmation order itself remains unmodified." *Id.* at page 2. We agree, and briefly explain.

In *Rederford v. U.S. Airways, Inc.*, 589 F.3d 30, 36 (1st Cir.2009), the Court emphasized the purpose of finality of the order confirming a chapter 11 plan. The Court held:

> Another purpose, especially in Chapter 11 proceedings, is to provide finality at the end of the bankruptcy proceeding for the debtor. Chapter 11 reorganization provides debtors with a fresh start by adjudicating, disallowing, or discharging all claims arising before the debtor is discharged from bankruptcy. *See Cent. Va. Cmty. Coll. v. Katz*, 546 U.S. 356, 363–364, 126 S.Ct. 990, 163 L.Ed.2d 945 (2006); *Mason v. Official Comm. Of Unsecured Creditors*, 330 F.3d 36, 41 (1st Cir.2003); 1 Alan N. Resnick et al., *supra*, ¶ 1.01[1], at 1–4. If equitable claims that are reduceable to payment arising before the debtor's discharge from bankruptcy could be raised later, debtors would be less certain about the effect of their bankruptcy discharge and this would hamper their efforts to reorganize into profitable business.

■ In the instant case, the Bankruptcy Court held that it lacked jurisdiction to entertain the belated post-confirmation objection filed the debtors-appellants, as the order confirming the Plan was *res judicata*. The bankruptcy court based its decision on the provisions of Section 1141 of the Bankruptcy Code, as well as the provisions of debtors-appellants' confirmed plan. It is settled that an *Order Confirm-*

*ing Plan* is final and unappealable, if the parties in interest failed to take a timely appeal. In the instant case, the record shows that the debtors-appellants failed to request a modification of the plan or to timely appeal the *Order Confirming Plan*, hence, the effect of the *Order Confirming Plan* became *res judicata.*

Although the Bankruptcy Court declined to make a determination on the merits of the debtors-appellants' post-confirmation objection as to the validity of the *Note* and the *First Mortgage* executed by the debtors-appellants and CMI, the Court agrees that it was an issue that was "or could have been raised" and litigated prior to the confirmation of the plan, and hence, the subject matter is now totally barred. *Colonial Mortgage*, 324 F.3d at 16, *citing Allen v. McCurry*, 449 U.S. at 94, 101 S.Ct. 411. *See also Stoll*, 305 U.S. at 171–172, 59 S.Ct. 134:

> A court does not have the power, by judicial fiat, to extend its jurisdiction over matters beyond the scope of the authority granted to it by its creators ... Every court in rendering a judgment tacitly, if not expressly, determines its jurisdiction over the parties and the subject matter ... After a Federal court has decided the question of the jurisdiction over the parties as a contested issue, the court in which the plea of *res judicata* is made has not the power to inquire again into that jurisdictional fact.

In *Colonial Mortgage*, 324 F.3d at 19, the Court further held that, "[a]fter a party has litigated and lost, the doctrine of *res judicata* precludes any attempt on its part, the second time around, to supplement the evidentiary record." *See also In re Space Building Corporation*, 206 B.R. at 273, "[b]ecause of its *res judicata* effect, a confirmed Plan is not vulnerable to collateral effect."

In view of the foregoing, the Court finds that the *Order Confirming Plan* is final and unappealable, and it is given the effect of *res judicata*. Hence, since the *Order Confirming Plan* is final, and the Court has no jurisdiction to entertain the belated post-confirmation objection filed by the debtors-appellants. The Court notes that the core of the debtors-appellants' objection is an issue that the debtors-appellants had almost five years to raise it and litigate during the course of the bankruptcy proceedings, as provided by the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. To rule otherwise will defeat the purpose of the provisions of the Bankruptcy Code, as well as the procedural rules. Aside from the fact that it will be prejudicial to the other creditors, and parties in interest.

In view of the foregoing, the Court incorporates the conclusions of law reached by the bankruptcy court in the April 6, 2009 *Opinion and Order*, Bankruptcy Case No. 02–7934, Docket No. 556.

### A Final Note

The appellants filed a *Motion To Strike Exhibits Included In Appellee's Brief*, Docket No. 6, on the ground that the appellee failed to file a designation of items on appeal to include the additional documents not included in the appellants'

designation of items, as provided by Fed. R.Bankr.P. 8006.[3] The Court notes that Fed.R.Bankr.P. 8006 provides that the appellant is statutorily obligated to file the designation of items, and that failure to comply may entail the dismissal of the appeal. As opposed to the appellee "may file" a designation of items after the appellant's service of its designation of items.

■■■ After a review of the record, the Court notes that the designation of items on appeal was filed by the appellants, as provided by Fed.R.Bankr.P. 8006. However, the Court finds that the appellants also failed to include documents from the bankruptcy record that were necessary to assist the Court to entertain this appeal. By including a copy of the docket of the bankruptcy record, the district court may make its own determination as to the content of the record on appeal. It is settled that the appeals court may take judicial notice of the underlying bankruptcy record. *See In re Colonial Mortgage Bankers Corp.*, 324 F.3d at 15; *In re E.R. Fegert, Inc.*, 887 F.2d 955, 957–958 (9th Cir.1989), citing *Wilson v. Huffman (In re Missionary Baptist Foundation of America)*, 712 F.2d 206, 211 (5th Cir.1983); *Berge v. Sweet (In re Berge)*, 37 B.R. 705, 708 (W.D.Wis.1983). "[J]ustice is better served when controversies are decided on

---

**3.** Fed.R.Bankr.P. 8006 provides:

Within 14 days after filing the notice of appeal as provided by Rule 8001(a), entry of an order granting leave to appeal, or entry of an order disposing of the last timely motion outstanding of a type specified in Rule 8002(b), whichever is later, the **appellant shall file** with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented. Within 14 days after the service of the appellant's statement the **appellee may file** and serve on the appellant a designation of additional items to be included in the record on appeal and, if the appellee has filed

a cross appeal, the appellee as cross appellant shall file and serve a statement of the issues to be presented on the cross appeal and a designation of additional items to be included in the record.... The record on appeal shall include the items so designated by the parties, the notice of appeal, the judgment, order, or decree appealed from, and any opinion, findings of fact, and conclusions of law of the court. Any party filing a designation of items to be included in the record shall provide to the clerk a copy of the items designated or, if the party fails to provide the copy, the clerk shall prepare the copy at the party's expense.... (Emphasis supplied).

their merits rather than on procedural technicalities." *In re Bienert,* 48 B.R. 326, 327 (N.D.Iowa 1985). *See also In re Bulic,* 997 F.2d 299, 301–302 (7th Cir.1993) (the standards to be followed by the courts when the appellants failed to file the designation of items on appeal within the time provided by Fed.R.Bankr.P. 8006).

In any event, a review of the appellants' designated items include the *Note,* as well as the *First Mortgage Deed,* executed by the lender and debtor-appellant Dana Luz Acosta Quiñones. *See Designation Of Items To Be Included In The Record On Appeal,* Bankruptcy Case No. 02–7934. The motions for relief from stay and the corresponding oppositions, are part of the bankruptcy record, as well as CMI's motion in limine and the opposition thereto. Hence, the Court has taken judicial notice of the underlying bankruptcy record.

In view of the foregoing, the appellants' request to strike the exhibits included with the appellee's brief, Docket No. 6, is noted and denied.

## Conclusion

For the reasons set forth above, the *Opinion and Order* entered by the bankruptcy court on April 6, 2009, Bankruptcy Case No. 02–7934, Docket No. 556, is affirmed, and the instant bankruptcy appeal is dismissed with prejudice. The appellants' request to strike the exhibits included with the appellee's brief, Docket No. 6, is noted and denied. Judgment will be entered accordingly.

IT IS SO ORDERED.