**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-1593

DANNY M. KELLY,

Plaintiff, Appellant,

v.

NORTEL NETWORKS CORP.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Campbell, Senior Circuit Judge,
Torruella and Selya, Circuit Judges.

Danny M. Kelly on brief pro se.
Andrew D. Kang, John D. Hanify and Hanify & King, on brief for appellee.

February 11, 2004

**Per Curiam**. Upon de novo review, we affirm the dismissal of this suit for failure to state a claim. During an IFP screening under 28 U.S.C. § 1915(d), the district court observed that the complaint showed on its face that appellant previously had filed a suit for "breach of contract" against the same defendant. The court afforded appellant notice and an opportunity to show why his current suit, for "unjust enrichment," should not be dismissed for improper "claim splitting." Appellant's response, that the current suit was based upon a different legal theory, was insufficient to avert dismissal.

The public record in the prior suit shows that a final judgment on the merits was entered against appellant before he filed this suit. See Kelly v. Nortel, 18 Fed. Appx. 19 (1st Cir. 2001), cert. denied, 537 U.S. 830 (2002). The two suits involve the same cause of action, i.e., the same transaction or series of transactions. The prior judgment thus is conclusive as to all issues which were actually litigated as well as all matters which could have been litigated in the first suit. Gonzalez v. Banco Cent. Corp., 27 F.3d 751, 755-56 (1st Cir. 1994). Appellant's current legal theory could have been litigated in the first suit, so it is barred by the doctrine of res judicata. Id.; see also In re Colonial Mortgage Bankers Corp., 324 F.3d 12, 15 (1st Cir. 2003) (holding that a court may dismiss sua sponte for failure to state

-2-

a claim where the facts gleaned from the complaint and public record conclusively establish the defense).

Appellant's argument that the dismissal violates his Seventh Amendment right to a jury trial is patently frivolous since there was no issue of fact to be resolved, only an issue of law. Cf. Aetna Casualty & Sur. Co. v. P & B Autobody, 43 F.3d 1546, 1567-68 (1st Cir. 1994) (citing cases).

Appellee has asked us to enjoin appellant from bringing any future actions arising out of the same transactions. The conclusive bar of res judicata, ipso facto, provides a disincentive to the bringing of future suits.

Appellant is warned that any filing of repetitive suits despite the conclusive bar of res judicata places an unreasonable burden on the defendant, as well as on the court. Accordingly, should he persist, the court may exercise its inherent authority to impose sanctions on its own motion, or to take other action to prevent frivolous, vexatious litigation or appeals.

The judgment is summarily affirmed. Appellant's motion for a "change of venue" is denied.