Theodore OREN, Plaintiff,

v.

VERIZON COMMUNICATIONS, Defendant.

No. CIV.04–196–P–C.

United States District Court, D. Maine.

Nov. 30, 2004.

Curtis Webber, Linnell, Choate & Webber, LLP, Auburn, ME, for Theodore Oren, Plaintiff.

Melinda J. Caterine, Jonathan Shapiro, Moon, Moss, McGill & Shapiro, P.A., Portland, ME, for Verizon Communications, Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

GENE CARTER, Senior District Judge.

Now before the Court is Defendant's Motion for Partial Dismissal (Docket Item No. 5). Plaintiff filed his Response in Opposition (Docket Item No. 7) and Defendant has filed its Reply (Docket Item No. 9). For the reasons set forth below, the Court will deny Defendant's Motion.

### I. PROCEDURAL HISTORY

This case represents the second dispute between the above captioned parties. In the first case, Plaintiff filed suit against Defendant Verizon Communications ("Verizon") in the Superior Court of the State of Maine in and for the County of Cumberland. Defendant timely removed that suit to this Court, *see Oren v. Verizon Communications, Inc.,* No. 02–CV–83–P–S ("*Oren I* "), and the parties eventually entered into a Settlement and Release Agreement and executed a Stipulation of Dismissal With Prejudice (*Oren I* Docket Item No. 36) on January 24, 2003.

Plaintiff again filed suit against Defendant Verizon in the Superior Court of the State of Maine in and for the County of Cumberland on July 28, 2004. Defendant timely removed the action to this Court (Docket Item No. 1), and this Court denied Plaintiff's Motion to Remand the case to state court (Docket Item No. 14).

### II. APPLICABLE LAW

"In ruling on a motion to dismiss [under Rule 12(b)(6)], a court must accept as true all the factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiff." *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.,* 267 F.3d 30, 33 (1st Cir.2001). The Defendant is entitled to dismissal for failure to state a claim only if "it appears to a certainty that the plaintiff would be unable to recover under any set of facts." *State St. Bank & Trust Co. v. Denman Tire Corp.,* 240 F.3d 83, 87 (1st Cir. 2001).

Ordinarily, in deciding a motion to dismiss, a court may not consider any document outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment. *Watterson v. Page,* 987 F.2d 1, 3 (1st Cir.1993). There is a narrow exception "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." *Id.; see also Young v. Lepone,* 305 F.3d 1, 11 (1st Cir. 2002) ("when the factual allegations of a complaint revolve around a document whose authenticity is unchallenged, that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6).") (citations and internal quotation marks omitted).

### III. FACTS

The following facts are taken from Plaintiff's Amended Complaint. For purposes of Defendant's Motion to Dismiss, the Court takes the facts alleged in the Amended Complaint as true and construes all reasonable inferences in favor of Plaintiff.

Beginning in the year 2000, and continuing to the present date, Plaintiff was and is an employee of Defendant Verizon. Amended Complaint ¶ 3. In August 2003, and for several weeks in 2004, Plaintiff was not compensated in full for his overtime hours worked. Amended Complaint ¶ 5. Defendant has not paid Plaintiff in full for commissions earned

during 2000, 2001, 2002, and 2003, which were earned and documented in accordance with company policy. Amended Complaint ¶ 6. Plaintiff has requested that Defendant pay the amounts due as overtime wages and commissions, but Defendant has refused to do so. Amended Complaint ¶ 7.

## IV. DISCUSSION

■ Defendant's Motion for Partial Dismissal is premised on the doctrine of res judicata. Defendant contends that the Stipulation of Dismissal With Prejudice and the Settlement and Release Agreement in *Oren I* is a final judgment and precludes further litigation of these claims. This argument, however, is premature. The Stipulation of Dismissal With Prejudice states that claims are dismissed "subject to the terms of a settlement agreement between the parties."[1] The parties dispute whether claims for unpaid earnings were specifically carved out of the settlement and subject to future litigation. *Compare* Defendant's Motion for Partial Dismissal at 6 ("The isolated 'carve-out' provision in the Release Agreement concerning Plaintiff's complaint with the ... [Maine Human Rights Commission] has no application to Plaintiff's current claims"), *with* Plaintiff's Opposition to Motion for Partial Dismissal at 3 ("Since the claim for these unpaid earnings was specifically carved out of the settlement, Mr. Oren is not barred from attempting to enforce payment of them now").[2] Although the Court may properly consider

proceedings from prior litigation when acting on a Motion to Dismiss, *see Banco Santander de P.R. v. Lopez–Stubbe (In re Colonial Mortg. Bankers Corp.)*, 324 F.3d 12, 19 (1st Cir.2003) ("matters of public record are fair game in adjudicating Rule 12(b)(6) motions"), the Defendant cites no authority[3] (nor does the Court find any) supporting a determination that a confidential Settlement and Release Agreement is properly considered a matter of public record. Without the Settlement and Release Agreement, the factual record is insufficient for the Court to determine whether the doctrine of res judicata bars certain of Plaintiff's claims. The Settlement and Release Agreement is not central to the Plaintiff's Complaint in this case,[4] and is thus not properly considered by the Court on a Motion to Dismiss.[5]

Because of the disputes over the scope and applicability of the Settlement and Release Agreement, the Court requires further development of the factual record before reaching any conclusion on the merits of Defendant's res judicata defense.

## V. CONCLUSION

For the reasons set forth in this opinion, the Court **ORDERS** that Defendant's Motion to Dismiss be, and it is hereby, **DENIED.**

---

1. One of Plaintiff's responses to the res judicata argument is that "Defendant has ... failed to demonstrate that the action brought in state court on February 7, 2002 was ever finally adjudicated." *See* Plaintiff's Objection to Motion for Partial Dismissal at 2. The Court, as it is permitted to do under *Banco Santander de P.R. v. Lopez–Stubbe (In re Colonial Mortg. Bankers Corp.)*, 324 F.3d 12, 19 (1st Cir.2003), has reviewed the files from *Oren I*. It is readily apparent that the action brought in state court on February 7, 2002, is the same action that Defendant properly removed to this court and resulted in the Settlement and Release Agreement at issue here. Plaintiff's claim that the February 7, 2002 state court action was not adjudicated is disingenuous. *See* Fed.R.Civ.P. 11(c).

2. The parties also dispute the dates and claims covered by the Settlement and Release Agreement.

3. Defendant relies on *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 34 (1st Cir.2001) for the proposition that a prior settlement agreement "became part of the pleadings for the motion to dismiss." *Alternative Energy*, is, however, factually distinguishable. In *Alternative Energy*, the plaintiffs' complaint was dependent upon the Settlement Agreement, thus causing the document to fall within the exceptions to the general prohibition of a court's consideration of documents outside the complaint, as the First Circuit articulated in *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir.1993).

4. The fact that the Agreement is central to Defendant's defense is not of concern here.

5. Defendant's offer to submit the Settlement and Release Agreement under seal or for in camera inspection in not appropriate at this juncture.