David **RICCIO** and Gina **Riccio**, individually and on behalf of all other Massachusetts consumers similarly situated, Plaintiffs,

v.

**FORD MOTOR CREDIT COMPANY,**
Defendants.

Civil Action No. 05–12483–WGY.

United States District Court,
D. Massachusetts.

Sept. 15, 2006.

David C. Cook, Kreindler & Kreindler LLP, New York, NY, Victor J. Garo, Law Offices of Victor J. Garo, Medford, MA, for Plaintiffs.

Michael E. Hager, Boston, MA, Daniel H. Schlueter, Thomas M. Byrne, Sutherland Asbill & Brennan LLP, Atlanta, GA, for Defendant.

*MEMORANDUM AND ORDER*

YOUNG, District Judge.

This complaint alleges that the Ford Motor Credit Company fails to state separately the vehicle excise tax in its lease agreements, thus requiring consumer lessees to pay additional sales taxes on leased vehicles—taxes they would not be obligated to pay if Ford Motor Credit Company had only separately stated the vehicle excise tax. If true, this would be a worthwhile subject for investigative reporting on behalf of consumers.

It does not, however, give rise to a large consumer class action lawsuit. This order addresses the Motion of Ford Motor Credit Company to Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6). [Doc. No. 6.]

## I. INTRODUCTION

This case arises from two automobile leases signed by David and Gina Riccio (collectively, the "Riccios") and held by Ford Motor Credit Company ("Ford Credit"). On July 10, 2000, David Riccio signed a lease for a 2000 Lincoln Navigator. Amended Complaint ("Am.Compl.") [Doc. No. 16] ¶ 16. The lease states that the base monthly payments total $20,510.88, that the lease is for 24 months, and that the base monthly payment is $854.62. Am. Compl., Ex. A at 1. According to the lease, the monthly sales tax is $42.73, and each total monthly payment is $897.35. *Id.* On July 26, 2000, Gina Riccio signed a lease for a 2000 Lincoln Town Car. Compl. ¶ 24. The lease states that the base monthly payments total $23,965.56, that the lease is for 36 months, and that the base monthly payment is $665.71. Am. Compl., Ex. B at 1. According to the lease, the monthly sales tax is $33.29, and each total monthly payment is $699.00. *Id.*

On September 12, 2005, the Riccios filed a Complaint, individually and on behalf of all other similarly situated Massachusetts consumers, against Ford Credit alleging negligence and a violation of chapter 93A of the Massachusetts General Laws. *Id.* ¶¶ 43–55. Chapter 93A states that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." Mass. Gen. Laws c. 93A § 2(a). Originally filed in the Massachusetts Superior Court sitting in and for the County of Suffolk, Ford Credit removed the case to this Court. [Doc. No. 1.]

On January 4, 2006, Ford Credit filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). After the Court heard oral arguments on February 14, 2006, and by leave of the Court, the Riccios filed an Amended Complaint on February 27, 2006. The Amended Complaint narrowed the dispute to advance a single claim for a violation of chapter 93A. Am. Compl. ¶¶ 36–60.

## II. DISCUSSION

### A. The Motion to Dismiss Standard

In ruling on Ford Credit's Motion to Dismiss under Rule 12(b)(6), the Court

will accept "as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor and determine whether the complaint, so read, sets forth facts sufficient to justify recovery on any cognizable theory." *Martin v. Applied Cellular Tech., Inc.*, 284 F.3d 1, 6 (1st Cir.2002). The Court need not, however, "accept as true all facts in the complaint." *Soto-Negron v. Taber Partners I*, 339 F.3d 35, 38 (1st Cir.2003). The Court will exempt "those 'facts' which have since been conclusively contradicted by plaintiffs' concessions or otherwise, and likewise eschew any reliance on bald assertions, [or] unsupportable conclusions." *Chongris v. Board of Appeals of Town of Andover*, 811 F.2d 36, 37 (1st Cir.1987). In ruling on the motion to dismiss, the Court "must consider the complaint, documents annexed to it, and other materials fairly incorporated within it. This sometimes includes documents referred to in the complaint but not annexed to it. Finally, the jurisprudence of Rule 12(b)(6) permits courts to consider matters that are susceptible to judicial notice." *Rodi v. Southern New England Sch. Of Law*, 389 F.3d 5, 12 (1st Cir.2004) (citations omitted).

## B. The Riccios' Allegations

The Riccios allege that Ford Credit violated chapter 93A when it charged a sales tax on the Massachusetts excise tax included in the base monthly lease payment. Am. Compl. ¶¶ 20-22, 28-29. Chapter 93A declares unlawful "unfair or deceptive acts or practices in the conduct of any trade or commerce." Mass. Gen. Laws c. 93A § 2(a). Moreover, under section 2(c) of chapter 93A, the Attorney General is authorized to make rules and regulations interpreting the provisions of section 2(a). *Id.* § 2(c). According to one such regulation, "an act or practice is a violation of M.G.L. c. 93A, § 2 if ... [i]t fails to comply with existing statutes, rules, regulations or laws, meant for the protection of the public's health, safety, or welfare promulgated by the Commonwealth or any political subdivision thereof." 940 C.M.R. 3.16. Thus, if the Riccios have set forth sufficient factual allegations that Ford Credit violated a regulation promulgated by the Massachusetts Department of Revenue, then the Ricc-

ios have stated a claim and Ford Credit's motion must be denied.

The procedure for assessing sales tax on vehicle leases is governed by Department of Revenue regulations. According to the "[g]eneral rule[,] ... [t]he sales price on which the tax is computed for each period is the total lease or rental charges for that period." 830 C.M.R. 64H.25.1(9)(a). This general rule, however, is subject to several additional rules. The first additional rule states that "if the amount charged includes charges for fuel, insurance, motor vehicle excise, or registration fee, and if the charges for those items are separately stated in the lease, ... the charges for those items are not included in the sales price on which the tax is computed." *Id.* 64H.25.1(9)(a)(1). The second additional rule states that "if the amount charged includes charges for insurance, motor vehicle excise, and registration fee which are not separately stated, the sales price on which the tax is computed for each period is reduced by 20%." *Id.* 64H.25.1(9)(a)(2). The third additional rule states that "if the amount charged includes charges for fuel, insurance, motor vehicle excise, and registration fee which are not separately stated, the sales price on which the tax is computed for each period is reduced by 30%." *Id.* 64H.25.1(9)(a)(3). The fourth and final additional rule states that "[a]ll other lease or rental arrangements are governed by the general rule in 830 C.M.R. 64H.25.1 (9)(a)." *Id.* 64H.25.1 (9)(a)(4).

Because the Riccios do not allege that their total lease charges included insurance, the second and third additional rules do not apply and their leases are governed by either the first or the fourth additional rule. Ford Credit agrees that the amount charged included a charge for the excise tax. Defendant's Supplemental Memorandum in Support of Defendant's Motion to Dismiss ("Def.'s Supplemental Mem.") [Doc. No. 18] at 3-4. If the leases separately state the charge for the excise tax then, according to the first additional rule, that charge ought not be included in the sales price on which the sales tax is calculated. *See* 830 C.M.R. 64H.25.1(9)(a)(1). If the charge for the excise tax is not separately stated, however, then the lease falls under the fourth addition-

al rule, i.e. the general rule, according to which the sales tax is to be computed on the total lease charges. *See* 830 C.M.R. 64H.25.1 (9)(a)(4) & (a).

■ First, the Riccios allege that Ford Credit separately stated the charge for the excise tax but nevertheless included that charge in the total lease charges on which the sales tax was computed, in violation of 830 C.M.R. 64H.25.1(9)(a)(1). *See* Am. Compl. ¶¶ 40–41, 44–46.[1] The Court is not required to accept all factual allegations in the complaint, however, and will exempt "those 'facts' which have since been conclusively contradicted by plaintiffs' concessions or otherwise." *Chongris*, 811 F.2d at 37. The Riccios attached to their complaint copies of their leases, Compl. Exs. A & B, which the Court must consider. *See Rodi*, 389 F.3d at 12. Nowhere do the leases separately state a charge for the excise tax. The Riccios point to no place in the leases where a charge for the excise tax is stated.

The lease language the Riccios quote does not support their allegation. In both leases, the twelfth paragraph states a dollar amount described as "[t]he estimated total amount You will pay for official and license fees, registration, title and taxes over the term of you lease, whether included with your monthly payments or assessed otherwise." Am. Compl. ¶ 41; Compl. Exs. A, B. Also in both leases, paragraph twelve is distinct from paragraph seven, where the monthly lease payments are broken down and the sales tax computed. Paragraph twelve does not specifically mention the excise tax, and the amount stated next to this paragraph could not be deducted from the sales price under the first additional rule, 830 C.M.R. 64H.25.1(9)(a)(1), because the amount includes charges not covered by that rule (including license fees, title, and perhaps the sales tax itself). *See* Compl. Exs. A, B.

The Riccios' allegation that the leases separately state the excise tax is contradicted by the leases themselves. The sales tax was properly computed according to the Department of Revenue regulation.

The Riccios argue, in the alternative, that Ford Credit's method of not separately stat-

ing the excise tax and including it in the total monthly charge on which the sales tax was computed was an unfair or deceptive act or practice in violation of chapter 93A. *See* Am. Compl. ¶¶ 40, 42, 47–55. They allege that Ford Credit's practice caused Massachusetts consumers to be charged more in tax than they would have had Ford Credit separately stated the excise tax and not included it in the amount on which the sales tax was computed. Am. Compl. ¶¶ 44, 45. They further allege that Ford Credit failed to disclose to consumers the existence of alternative methods of writing a lease and the different tax consequences. Am. Compl. ¶¶ 44–47, 51, 52.

■ In response, Ford Credit argues that section 3 of chapter 93A provides an affirmative defense. Def.'s Supplemental Mem. at 1–3; Defendant's Reply Brief [Doc. No. 12] at 2–4. Section 3 declares that "[n]othing in this chapter shall apply to transactions or actions otherwise permitted under laws as administered by any regulatory board or officer acting under statutory authority of the commonwealth or of the United States." Mass. Gen. Laws c. 93A § 3. The Court may consider an affirmative defense on a Rule 12(b)(6) motion: "As a general rule, a properly raised affirmative defense can be adjudicated on a motion to dismiss so long as (i) the facts establishing the defense are definitively ascertainable from the complaint and the other allowable sources of information, and (ii) those facts suffice to establish the affirmative defense with certitude." *Rodi*, 389 F.3d at 12 (citing *In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 16 (1st Cir.2003)); *see also Fleming v. National Union Ins. Co.*, 445 Mass. 381, 389–90, 837 N.E.2d 1113 (2005) (stating that an affirmative defense of an exemption under section 3 of chapter 93A may be decided by means of a motion to dismiss). The facts ascertainable from the complaint, the leases themselves, and the Department of Revenue regulations establish with certitude that Ford Credit's manner of assessing sales tax was governed, contemplated, and permitted by the regulations.

The Riccios argue that Ford Credit's claim of exemption contradicts *DiMarzo v. Ameri-*

---

1. "[T]he language within Ford Credit's lease agreements is at best ambiguous as it relates and applies to whether Ford Credit has 'separately stated' the excise tax." Am. Compl. ¶ 46.

*can Mut. Ins. Co.*, 389 Mass. 85, 96, 449 N.E.2d 1189 (1983), where the court "rejected the proposition that an act or practice which is authorized by statute cannot constitute an unfair or deceptive practice under c. 93A," *id.* at 1197. *See* Plaintiff's Supplemental Memorandum in Opposition to Defendant's Motion to Dismiss [Doc. No. 19] at 3. The Riccios read *DiMarzo* too broadly. In *DiMarzo,* an insurer appealed a judgment against it, claiming in part that it was exempt under section 3 of chapter 93A because it was allowed by insurance regulations to limit its coverage under the plaintiff's policy. 389 Mass. at 96–97, 449 N.E.2d 1189. The Supreme Judicial Court of Massachusetts noted, however, that the insurer relied on a "dubious" interpretation of an insurance regulation, an interpretation "rejected by the insurance industry." *Id.* at 97 & n. 12, 449 N.E.2d 1189. The court denied the insurance company's appeal, concluding that "there was sufficient evidence from which the judge could have found that the actions taken here fell outside the exemption." *Id.*

More recently, the Supreme Judicial Court has said that, to qualify for an exemption under section 3, "a defendant must show more than the mere existence of a related or even overlapping regulatory scheme that covers the transaction. Rather, a defendant must show that such scheme affirmatively *permits* the practice which is alleged to be unfair or deceptive." *Fleming,* 445 Mass. at 390, 837 N.E.2d 1113 (internal quotation marks and citations omitted) (italics in original). The Department of Revenue regulations affirmatively permit Ford Credit to include the excise tax in the amount on which the sales tax is assessed. Ford Credit's actions are exempt under section 3 of chapter 93A.

### III. CONCLUSION

Accordingly, Ford Credit Motor Company's Motion to Dismiss [Doc. No. 6] is ALLOWED. Case dismissed.

SO ORDERED.