**Paul N. GARGANO, Plaintiff**

v.

**BELMONT POLICE DEPARTMENT, Defendant.**

**Civil Action No. 06–11687–RCL.**

United States District Court, D. Massachusetts.

March 7, 2007.

Sean M. Beagan, Paul A. Gargano, Gargano and Associates, Cambridge, MA, for Plaintiff.

Jackie A. Cowin, Joseph L. Tehan, Jr., Kopelman & Paige, PC, Boston, MA, for Defendant.

*ORDER ON MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6)*

LINDSAY, District Judge.

Before the court is a motion of the defendant to dismiss the complaint, pursuant to Fed.R.Civ.P. 12(b)(6). Although not stated in precise terms, count II of the complaint appears to allege a violation of the plaintiff's Fourth Amendment right to be· free from unlawful arrest: "The defendant violated the plaintiff's Federal and State Civil Rights by falsely imprisoning the plaintiff with no arrest warrant, and without an arrestable offense taking place." (Compl.¶ 16). The court thus has subject-matter jurisdiction over this action. With somewhat greater clarity, the complaint purports to assert state law claims that (1) the defendant violated the Massachusetts Civil Rights Act, Mass. Gen. Laws ch. 12 § 11 (count I) and (2) intentionally inflicted emotional distress upon the plaintiff (count III). All the alleged claims derive from a single incident, described below. In its motion, the defendant argues that, taking account of matters not explicitly included in the complaint, but properly considered on a motion to dismiss, I should rule that the complaint fails to state any claim upon which relief may be granted.

The complaint alleges that on April 3, 2006, the plaintiff was stopped by an officer of the defendant Police Department as a result of a routine license-plate check. (Compl.¶ 3). After the plaintiff was pulled over, he provided the officer "a valid Massachusetts driver's license." (Compl.¶ 4). Nevertheless, the complaint alleges, without further explanation, the officer arrested the plaintiff for driving with a suspended license. (Compl.¶ 4).

The "ultimate question for determining whether an arrest violates the Fourth Amendment is ... whether there was probable cause to believe that the arrestee had committed or was committing a crime." *Wilson v. City of Boston*, 421 F.3d 45, 55 (1st Cir.2005). There is probable cause for an arrest

> when police officers, relying on reasonably trustworthy facts and circum-

stances, have information upon which a reasonably prudent person would believe the suspect had committed or was committing a crime. The inquiry into probable cause focuses on what the officer knew at the time of the arrest, and should evaluate the totality of the circumstances. Probable cause is a common sense, nontechnical conception that deals with the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.

*United States v. Vongkaysone*, 434 F.3d 68, 73–74 (1st Cir.2006) (internal quotation marks and citations omitted); *see also Cox v. Hainey*, 391 F.3d 25, 31 (1st Cir.2004) ("Probable cause exists when the arresting officer, acting upon apparently trustworthy information, reasonably concludes that a crime has been (or is about to be) committed and that the putative arrestee likely is one of the perpetrators") (internal quotation marks and citations omitted).

■ On a motion under Fed.R.Civ.P. 12(b)(6), of course, the court is required to accept as true all well-pleaded factual allegations. *Morales–Villalobos v. Garcia–Llorens*, 316 F.3d 51, 52–53 (1st Cir.2003). However, in considering a motion to dismiss for failure to state a claim, a court is required "to consider not only the complaint but also matters fairly incorporated within it and matters susceptible to judicial notice." *In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 15 (1st Cir.2003). Accordingly, a court may look to matters of public record in deciding the motion. *Id.*

■ By asserting that, at the time of his arrest, he presented the arresting officer with a valid Massachusetts driver's license, Compl. ¶ 4, the plaintiff has made it appropriate for me to consider official records concerning the driver's licenses issued to the plaintiff by the Massachusetts Registry of Motor Vehicles (the "Registry"). I may take judicial notice of such records,

pursuant to Fed.R.Evid. 201(b)(2). *Torrens v. Lockheed Martin Services Group, Inc.*, 396 F.3d 468, 473 (1st Cir.2005); *see also Watterson v. Page*, 987 F.2d 1, 3 (1st Cir.1993) (noting that the court may consider official public records in deciding a motion to dismiss).

■ The defendant has proffered certified records of the Registry, which show that, at the time of the arrest, a driver's license issued to the plaintiff, bearing the designation # S* * * *5146 with the same address as that shown by the plaintiff in the complaint as his address, had been suspended by the Registrar of Motor Vehicles. (Ex. A at 2, attached to the Defendant's Memorandum in Support of the Motion to Dismiss.) Another certified document from the Registry (*id.* at 4) indicates that a driver's license designated as # * * * * *3937 (the driver's license which the plaintiff claims was valid at the time of his arrest [*see* Plaintiff's Memorandum in Opposition to the Motion to Dismiss at 2] ), was one *previously* issued to the plaintiff by the Registry.

Accepting as true the allegation that the plaintiff presented license # * * * * *3937 to the arresting officer, I nevertheless conclude that license # S* * * *5146, bearing the plaintiff's name and address, had been suspended at the time of the arrest. The arresting officer, upon a computer check of the plaintiff's records at the Registry, therefore, would have had probable cause to arrest the plaintiff for operating a motor vehicle after suspension of his license, the arrest being made pursuant to Mass. Gen. Laws ch. 90 § 10 (authorizing a police officer to arrest any person "regardless of whether or not such person has in his possession a license to operate motor vehicles issued by the registrar, if such person ... operates a motor vehicle after his license or right to operate motor vehicles in this state has

been suspended...."). Even if the records of the Registry were erroneous, the arrest of the plaintiff would not have been unlawful. *See Commonwealth v. Wilkerson*, 436 Mass. 137, 140, 763 N.E.2d 508 (2002) (affirming a lower court's refusal to suppress evidence obtained pursuant to an arrest based on erroneous information a police officer received from the Registry, concerning the status of the defendant's driver's license, and noting that "[p]robable cause to arrest is not vitiated when the basis on which the police officer acted is shown after the fact to have been erroneous, because the existence of probable cause is determined at the moment of arrest, not in light of subsequent events") (internal quotation marks and citations omitted).

For the foregoing reasons, the claim asserted in count II is dismissed because that count, read together with judicially-noticed matters fairly incorporated into it, does not state a claim for an arrest without probable cause violative of the Fourth Amendment. Moreover, because the claims purported to be asserted in the remaining counts of the complaint also require the plaintiff to establish that his arrest was without probable cause—which the plaintiff cannot do—those counts too will be dismissed. Accordingly, the motion to dismiss is GRANTED as to all counts. The clerk shall enter judgment in favor of the defendant, dismissing this action.

SO ORDERED.