# United States Court of Appeals

## For the First Circuit

No. 18-1420

LYNN R. RÍOS-CAMPBELL,

Plaintiff, Appellant,

v.

U.S. DEPARTMENT OF COMMERCE et al.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Torruella, Selya, and Lynch,
Circuit Judges.

Israel Roldán-González on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Mariana
E. Bauzá-Almonte, Assistant United States Attorney, Chief,
Appellate Division, and Antonio L. Perez-Alonso, Assistant United
States Attorney, on brief for appellees.

June 13, 2019

**SELYA**, **Circuit Judge**. It is written that "[t]o every thing there is a season, and a time to every purpose." Ecclesiastes 3:1. This proverb may ring as true in federal civil procedure as in nature: because the court below, acting on a fully developed motion for summary judgment, employed a legal standard meant for use at an earlier stage of the case, its judgment must be vacated. The tale follows.

We briefly rehearse the relevant facts and procedural history. On March 5, 2015, plaintiff-appellant Lynn R. Ríos-Campbell commenced a civil action in the United States District Court for the District of Puerto Rico. In his complaint, the plaintiff — a native of Puerto Rico — alleged that his employer, the United States Department of Commerce, along with several federal functionaries, had discriminated against him on the basis of his national origin and, in the bargain, had subjected him to retaliation when he raised the issue. The plaintiff filed an amended complaint, not relevant here, and then filed a second amended complaint on December 23, 2015. After the defendants filed an answer and the district court entered a scheduling order, the parties engaged in pretrial discovery. The discovery period closed on March 31, 2016.

Soon thereafter, the defendants moved for summary judgment. See Fed. R. Civ. P. 56(a). Their motion papers included

- 2 -

over 1,200 pages of exhibits.  The plaintiff opposed the motion, and the defendants replied to his opposition.

The matter lay relatively fallow for over a year.  On March 29, 2018, the district court entered an order stating in pertinent part:  "[h]aving considered the Motion for Summary Judgment filed by defendants . . . as a motion to dismiss for failure to state a plausible claim, said Motion for Summary judgment is GRANTED."  The court advised that a "[s]tatement of reasons" would follow.

On May 2, the court amended its March 29 order nunc pro tunc.  The amended order confirmed that the court, sua sponte, had treated the defendants' motion for summary judgment as a motion to dismiss "pursuant to Fed. R. Civ. P. 12(b)(6)" and had granted the motion on that understanding.  Its accompanying statement of reasons memorialized the court's view that the plaintiff's second amended complaint failed to state a plausible claim upon which relief could be granted.[1]  This timely appeal followed.

Despite the fact that the parties do not quarrel with the district court's treatment of the defendants' motion for

---

[1] The court's decision to invoke the plausibility standard was reached on its own initiative.  None of the parties had suggested the use of this standard in their summary judgment papers, and the district court gave no prior notice of its intention to treat the summary judgment motion in that manner. Nor did the court invite any briefing from the parties as to its intended course of action.

summary judgment as a motion to dismiss, that issue casts a large shadow over any attempt to review the ruling below. In our view, the orderly administration of justice counsels in favor of addressing the issue here and now. Our consideration of the appeal begins — and ends — there.

We review the district court's decision to treat the defendants' motion for summary judgment as a motion to dismiss for abuse of discretion. See Vélez v. Awning Windows, Inc., 375 F.3d 35, 41 (1st Cir. 2004) (holding that "[a]ppellate review of a district court's case-management decisions is solely for abuse of discretion"); cf. Rubert-Torres v. Hosp. San Pablo, Inc., 205 F.3d 472, 475 (1st Cir. 2000) (explaining that review of district court's conversion of "Rule 12 motion into motion for summary judgment [is] for abuse of discretion"). The dispositive question is whether, in the absence of special circumstances or persuasive reasons, the district court abused its discretion in transmogrifying a fully developed motion for summary judgment, replete with exhibits gleaned partially through discovery, into a motion to dismiss for failure to state a claim. We think that it did.

The Federal Rules of Civil Procedure offer litigants a number of avenues through which they may attempt to terminate civil actions short of trial. The earliest available option is a motion to dismiss under Rule 12(b), which "must be made before pleading

if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). The rule itself lists several grounds upon which such a motion may rest, including (as relevant here) "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To withstand a Rule 12(b)(6) motion, a complaint must "contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

By its very nature, the plausibility standard is time-sensitive. Refined to bare essence, it "is a screening mechanism designed to weed out cases that do not warrant either discovery or trial." Atieh v. Riordan, 727 F.3d 73, 76 (1st Cir. 2013). This screening comprises a "threshold inquiry." Grajales v. P.R. Ports Auth., 682 F.3d 40, 46 (1st Cir. 2012). It is meant to take place early in the litigation, prior to discovery. See id.

Once an answer to the complaint is filed, the legal landscape shifts. In such circumstances, a party's next option is to move for judgment on the pleadings under Rule 12(c). See Fed. R. Civ. P. 12(c) (providing that "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings"). If "a motion for judgment on the pleadings . . . is employed as a vehicle to test the plausibility

- 5 -

of a complaint," the Rule 12(b)(6) plausibility standard may again come front and center. Grajales, 682 F.3d at 44.

When the window for filing either a motion to dismiss for failure to state a claim or a motion for judgment on the pleadings has shut and substantial discovery has taken place, the plausibility standard normally becomes a relic of a bygone time. From that point forward, a party seeking to end a civil action short of trial ordinarily must meet a different standard: the standard applicable to a motion for summary judgment under Rule 56. A district court will grant summary judgment only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In the usual case, such a motion — unlike a motion to dismiss for failure to state a claim[2] — will be based, at least in part, on materials outside the pleadings.

---

[2] To be sure, there is a narrow swath of materials outside the complaint itself that may be considered on a motion to dismiss for failure to state a claim. See, e.g., Freeman v. Town of Hudson, 714 F.3d 29, 36 (1st Cir. 2013) (explaining that "some extrinsic documents may be considered without converting a motion to dismiss into a motion for summary judgment"); Banco Santander de P.R. v. López-Stubbe (In re Colonial Mortg. Bankers Corp.), 324 F.3d 12, 20 (1st Cir. 2003) (explaining that district court adjudicating motion to dismiss may consider "documents incorporated by reference in [the complaint], matters of public record, and other matters susceptible to judicial notice"); Beddall v. State St. Bank & Tr. Co., 137 F.3d 12, 17 (1st Cir. 1998) (explaining that when "complaint's factual allegations are expressly linked to — and admittedly dependent upon — a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can

Seen in this light, it is luminously clear that the root purpose of the plausibility standard differs materially from the root purpose of the summary judgment standard. The former is intended to screen out claims in which the factual allegations of the complaint are too scanty or too vague to render the claims plausible, see Atieh, 727 F.3d at 76, whereas the latter is intended to "pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required," Tobin v. Fed. Express Corp., 775 F.3d 448, 450 (1st Cir. 2014) (quoting Wynne v. Tufts Univ. Sch. of Med., 976 F.2d 791, 794 (1st Cir. 1992)). It follows that while a complaint may be tested for plausibility at the inception of a suit, a district court "should refrain from entertaining summary judgment motions until after the parties have had a sufficient opportunity to conduct necessary discovery." Vélez, 375 F.3d at 39.

Viewed against this backdrop, the district court's attempt, without notice, to transform the defendants' fully developed motion for summary judgment, replete with exhibits gleaned partially through discovery, into a motion to dismiss for failure to state a claim strikes a dissonant chord. The defendants chose not to file a motion to dismiss but instead to move for

review it in deciding a motion to dismiss under Rule 12(b)(6)"). In the case at hand, the attachments to the defendants' motion for summary judgment go far beyond this narrow swath.

- 7 -

summary judgment, and that choice should be given some weight —
especially since the Federal Rules of Civil Procedure offer no
support for a conversion such as was undertaken by the district
court.

Although a motion to dismiss for failure to state a claim
sometimes may be converted into a motion for summary judgment,[3] we
know of no authority that allows for the reverse conversion of a
summary judgment motion into a motion to dismiss for failure to
state a claim.  Just because a cucumber can be turned into a pickle
does not mean that a pickle can be turned into a cucumber, and
principles of sound case management strongly suggest that allowing
such a reverse conversion here would be inappropriate.  After all,
the parties briefed and argued summary judgment, and judicial
efficiency would have been best served by dealing directly with
those arguments rather than avoiding them.  This course of action
would seem particularly appropriate since, had the defendants
elected to file a motion to dismiss under Rule 12(b)(6) after the
close of discovery, their motion would have been deemed untimely.
See Fed. R. Civ. P. 12(b) (requiring that motion to dismiss be
filed before movant has answered complaint); see also Patrick v.

_____

[3] See Fed. R. Civ. P. 12(d) (providing that if "matters outside
the pleadings are presented to and not excluded by the court" on
a Rule 12(b)(6) motion, the motion "must be treated as one for
summary judgment under Rule 56"); see also Beddall v. State St.
Bank & Tr. Co., 137 F.3d 12, 17 (1st Cir. 1998) (discussing
conversion of Rule 12(b)(6) motion into Rule 56 motion).

- 8 -

Rivera-Lopez, 708 F.3d 15, 18 (1st Cir. 2013) (finding Rule 12(b)(6) motion, filed "long after the deadline for responsive pleadings," untimely).

We add, moreover, that on the facts of this case, the district court's approach stands logic on its ear. "[O]ne of the main goals of the plausibility standard is the avoidance of unnecessary discovery." Grajales, 682 F.3d at 46 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556-58 (2007)). To allow invocation of the plausibility standard after the completion of discovery would defeat this goal. And in all events, going through a lengthy period of discovery only to ignore the fruits of the discovery process by focusing single-mindedly on the adequacy of the allegations of the complaint would make little sense in the mine-run of cases. See id. ("Applying the plausibility standard to a complaint after discovery is nearly complete would defeat [the standard's] core purpose."). Absent special circumstances or persuasive reasons (not present here), we see no justification for allowing a district court to travel back in time and train the lens of its inquiry on the bare allegations of the complaint while disregarding the compiled factual record upon which a summary judgment movant has elected to rely. Cf. id. (cautioning that "once the parties have invested substantial resources in discovery, a district court should hesitate to entertain a Rule

12(c) motion that asserts a complaint's failure to satisfy the plausibility requirement").

We need go no further.  For the reasons elucidated above, we hold that the district court applied the wrong legal standard in adjudicating the defendants' summary judgment motion.  Where, as here, an answer has been filed and no special circumstances or persuasive reasons justifying contrary action exist, a district court should not treat a fully developed motion for summary judgment as a motion to dismiss for failure to state a claim upon which relief may be granted.  Accordingly, we <u>vacate</u> the judgment of the district court and <u>remand</u> for consideration of the defendants' motion under the summary judgment standard.

**Vacated and remanded.**  No costs.